UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARIO ALIANO, individually and on behalf of all others similarly situated,<br>          Plaintiff,<br><br>JEFFREY WORTH and ROBERT BURNS, on behalf of themselves and others similarly situated,<br>        Intervening Plaintiffs,<br> v.<br><br>CVS PHARMACY, INC.,<br>          Defendant. | No. 1:16-cv-03372<br><br>Honorable Sharon Johnson Coleman |

## **MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

Jeffrey Worth and Robert Burns, plaintiffs in the first-filed putative class action against CVS Pharmacy, Inc., concerning its Algal-900 DHA supplement, *Worth v. CVS Pharmacy, Inc.*, No. 2:16-cv-00498-FB-MDG (E.D.N.Y. filed Feb. 1, 2016), bring this motion to intervene pursuant to Rule 24(a)(2), or, alternatively, Rule 24(b), of the Federal Rules of Civil Procedure to protect their interests and the interests of the proposed class.[1]

Plaintiffs are moving to intervene at this time so they can file a motion under the first-filed rule to stay the copycat *Aliano* case or, alternatively, transfer the case to the U.S. District Court for the Eastern District of New York, as counsel for CVS told the Honorable Marilyn D. Go of the Eastern District of New York just last week that it intended to do. *See* Minute Entry re Status Conference, *Worth v. CVS Pharmacy, Inc.*, No. 2:16-cv-00498-FB-MDG (E.D.N.Y. Apr. 25, 2016), attached hereto as part of Exhibit A ("Counsel for defendant advises that the parties in the Illinois action intend to move to transfer that action to this district so that the motion for approval of the class settlement can [be] considered together with the motion for approval in

---

[1] Worth and Burns, together, are "Proposed Intervenors" and CVS Pharmacy, Inc., is "CVS."

*Jovel* [*v. i-Health*, No. 1:12-cv-05614-MDG (E.D.N.Y.)]."). This will best serve the interests of the class in optimizing its monetary recovery, enjoining CVS's labeling violations, and deterring future misconduct. Attached hereto as Exhibit B is the *Worth* plaintiffs' Proposed Memorandum in Support of Motion to Transfer or Stay Pursuant to the First-to-File Rule. It will also promote comity between the federal courts, in particular the Eastern District of New York that already spent time on the matter, having held a series on conferences and has scheduled the next conference to occur on May 9th before Judge Go.

Counsel in *Worth* is the Center for Science in the Public Interest ("CSPI"), a non-profit organization with over 40 years of experience in advocating for truth in labeling and advertising of food and nutritional supplements. Mehri & Skalet, PLLC, and Reese LLP are also co-counsel for plaintiffs. The *Worth* complaint, filed on February 1, 2016, is based on *Worth* counsel's original legal and scientific research concerning CVS's product, Algal-900 DHA. The *Worth* plaintiffs were alarmed to learn that just a few days after they engaged with CVS in a full-day private mediation, CVS announced a settlement with the copycat filer in this case. Then, just seven days after telling the federal judge in *Worth* that they would move to transfer *Aliano* to the Eastern District of New York so the cases could be coordinated or consolidated, counsel in *Aliano* reversed course and moved for preliminary approval of a class settlement with this Court.

Given these facts, Plaintiffs have reason to believe this case presents a rather alarming example of a "reverse auction," in which CVS negotiates simultaneously with two sets of class plaintiffs and settles with the one who will capitulate to a less favorable settlement for the class. Judge Richard Posner, in *Reynolds v. Beneficial National Bank*, 288 F.3d 277 (7th Cir. 2002), has specifically warned that a court reviewing a proposed settlement must be particularly vigilant

where the facts present the possibility of a reverse auction.[2] Such a procedure cannot be in the best interests of the class, and the Court should not facilitate such a result.

The *Worth* plaintiffs seek to intervene under Federal Rule of Civil Procedure 24 because they have interests that would be inadequately represented in the *Aliano* copycat action. Granting this motion will help to protect the interest of the class in the best possible result.

## PROCEDURAL AND FACTUAL BACKGROUND

### The *Worth* Case

Plaintiffs Jeffrey Worth and Robert Burns filed a class action complaint against CVS on February 1, 2016, alleging that the labeling of its Algal-900 DHA product is false and misleading because it claims the product is clinically shown to improve memory. (*See* Exhibit C hereto (copy of operative complaint in *Worth*).) Plaintiffs cite and analyze a variety of studies finding no effect of omega-3 fatty acid supplements on memory and cognitive function. (*Id.* at ¶¶ 3–4, 28–30.) In addition, the *Worth* plaintiffs allege that the only study on which CVS relies for its claims was funded and conducted by in-house employees of Martek, a nutritional supplements company who also supplies the ingredients for CVS's product. (*Id.* at ¶¶ 5, 20–27.) Plaintiffs also claim the product label is false and misleading because its disclaimer that the product has not been approved to treat any disease does not comply with federal law. (*Id.* at ¶¶ 31–33.) The *Worth* complaint includes claims for relief under the consumer protection laws of New York and Florida, and common law claims of fraud, negligent misrepresentation, and unjust enrichment on behalf of a nationwide class of purchasers. (*Id.* at ¶¶ 68–105.)

---

[2] *Reynolds*, 288 F.3d at 282–83 (describing the potential for a collusive reverse auction, "the practice whereby the defendant in a series of class actions picks the most ineffectual class lawyers to negotiate a settlement with in the hope that the district court will approve a weak settlement that will preclude other claims against the defendant").

The court in *Worth* set an initial status conference for April 6, 2016, before Magistrate Judge Go. (Decl. Briskin Supp. Mot. Intervene ¶ 2 (filed concurrently herewith).) At that hearing, the parties informed the court of their intention to engage in private mediation. (*Id.*) The parties engaged in a full-day mediation session at JAMS Mediation with David Geronemus on Thursday, April 21, 2016. (*Id.*) The mediation did not end in settlement, but the parties made progress towards settlement. (*Id.* at ¶ 3.)

CVS informed Worth and Burns by email on the morning of April 25, 2016, that it had concluded a settlement in the *Aliano* action. (*Id.* at ¶ 4.) Judge Go held a second status conference the same day. (*Id.* at ¶ 5.) Plaintiffs have not yet obtained a transcript of that hearing (*id.*), but the docket minute entry reads as follows:

> Minute Entry for Status Conference held on 4/25/2016 before Magistrate Judge Marilyn D. Go: Appearances by M. Reese, C. Briskin (by tel.), M. Kats (by tel.) for plaintiff; F. Spano, S. MacLeod for defendant; A. Vozzolo (by tel.), plaintiffs' counsel in Jovel v. I-Health, Inc., 12cv5612. Discussions held regarding the status of mediation and settlement of a putative class action brought in Illinois involving similar claims. ***Counsel for defendant advises that the parties in the Illinois action intend to move to transfer that action to this district so that the motion for approval of the class settlement can considered together with the motion for approval in Jovel.*** The plaintiffs advise they intend to oppose the settlement reached in the Illinois action, and to move pursuant to Fed. R. Civ. P. 23(g) for appointment as interim counsel. After sealed discussions without counsel in Jovel, the Court finds that the parties are far apart in negotiations in Worth, but encourages them to continue discussions. Under the circumstances and in light of the opposition of the Worth plaintiffs to the settlement reached in the Illinois action, this action must proceed, absent progress in negotiations. The parties must confer on a proposed scheduling order prior to the next conference to be held on May 9, 2016 at 10:00 a.m. FTR: 12:41-1:131 (Hugh, Lewis) (Entered: 04/26/2016)

(Ex. A, at 7.)

4

Plaintiffs filed a motion under Federal Rule of Civil Procedure 23(g) to appoint interim co-lead class counsel on April 26, 2016. (*Id.*) The Court ordered CVS to file a response by May 5, 2016, and the matter will be heard on May 9, 2016. (*Id.*) The parties are also required to meet and confer on a proposed scheduling order before May 9. (*Id.*)

**The *Aliano* Case**

Plaintiff Mario Aliano filed a class action complaint in Cook County Circuit Court on February 11, 2016 (Compl., ECF No. 1-1), ten days after the *Worth* complaint was filed. Aliano's allegations are essentially the same as those in the *Worth* case and contain no original factual or scientific research or legal theories, but appears merely to copy the work done in the *Worth* action. Plaintiff Aliano has filed no fewer than 20 federal cases, almost all of which were consumer cases; and, in many of these cases, he was represented by his counsel in this action, Zimmerman Law Offices, P.C. (*See infra* pp. 11–12.)

CVS removed the case to this Court on March 16, 2016. (Def.'s Notice of Removal, ECF No. 1.) Aliano filed an Amended Complaint on April 16, 2016, along with a (skeletal) motion to certify the proposed class. (Am. Compl., ECF No. 7; Am. Mot. Class Certif., ECF No. 8.) Aliano alleges that he "purchased Algal-900 DHA from Defendant's pharmacy store on several occasions, and as recently as February 2016." (Am. Compl. ¶ 35, ECF No. 7.)

Just seven days after representing to Judge Go and the *Worth* parties that they would move to transfer this case to the Eastern District of New York, and with the *Worth* plaintiffs preparing to file a Rule 23(g) motion, *Aliano* counsel changed course and filed a motion for preliminary approval with this Court on May 2, 2016, necessitating the instant motion.

**ARGUMENT**

I.  **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 24(a)(2), courts "must permit anyone to intervene who," upon a timely motion, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). "An applicant for intervention under the rule must demonstrate that each of four requirements is met: (1) the application is timely; (2) the applicant has an 'interest' in the property or transaction which is the subject of the action; (3) disposition of the action as a practical matter may impede or impair the applicant's ability to protect that interest; and (4) no existing party adequately represents the applicant's interest." *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995) (citations omitted). "Courts should construe Rule 24(a)(2) liberally and should resolve doubts in favor of allowing intervention." *Miami Tribe of Oklahoma v. Walden*, 206 F.R.D. 238, 241 (S.D. Ill. 2001) (citing *Loyd v. Alabama Dep't of Corrs.*, 176 F.3d 1336, 1341 n.9 (11th Cir. 1999)).

Pursuant to Federal Rule of Civil Procedure 24(b), courts "may permit anyone to intervene who" files a timely motion and who "has a claim or defense that shares with the main action a common question of law or fact," so long as intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(1)(B), (3). As in the case of Rule 24(a)(2), courts construe Rule 24(b) "liberally with all doubts resolved in favor of permitting intervention." *Jochims v. Isuzu Motors, Ltd.*, 148 F.R.D. 624 (S.D. Iowa 1003).

For the reasons Worth and Burns set out below, they seek to intervene as a matter of right pursuant to Rule 24(a)(2). Alternatively, they seek permission to intervene pursuant to Rule 24(b).

## II. THE COURT SHOULD PERMIT WORTH AND BURNS TO INTERVENE AS A MATTER OF RIGHT

### A. This Application Is Timely

There is little question that this motion to intervene is timely, because it was necessitated by the motion for preliminary approval in this case filed two days ago. The only prejudice that could result would be to the *Worth* plaintiffs, if this motion is denied. The timeliness requirement under Rule 24(a)(2) "essentially sets out a reasonableness standard: potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly." *Nissei Sangyo Am., Ltd. v. United States*, 31 F.3d 435, 438–39 (7th Cir. 1994). "Although the court's judgment as to timeliness is made under the totality of the circumstances, the following factors should be considered: (1) the length of time the intervenor knew or should have known of his interest in this case, (2) the prejudice to the original parties caused by the delay, (3) the resulting prejudice to the intervenor if the motion is denied, and (4) any unusual circumstances." *South v. Rowe*, 759 F.2d 610, 612 (7th Cir. 1985).

Only a few days have passed since Aliano filed a motion for preliminary approval, and no further action has occurred since. Consequently, Worth and Burns have "act[ed] with dispatch." *Nissei Sangyo Am., Ltd.*, 31 F.3d at 438, and there cannot be any prejudice to the parties in this case resulting from delay. Worth, Burns, and the putative class, by contrast, will be prejudiced if the Court permits this case to proceed without allowing the first-filed plaintiffs to make their views known. Last, the "unusual circumstances" factor militates in favor of Proposed Intervenors here, given that they filed the first action, a copycat plaintiff and CVS were working to settle the copycat's case while simultaneously purporting to negotiate with Proposed Intervenors in *Worth*, and the copycat plaintiff and CVS then promptly reversed course when they realized the Eastern District of New York would not look favorably on the circumstances.

### B. The Disposition of This Litigation Threatens the Proposed Intervenors' Protected Interests

The *Worth* plaintiffs were the first filers of a case that now will move towards an inadequate settlement and release of all of their legal claims without their participation, unless the Court grants their motion to intervene. In addition, they seek to represent a class of similarly situated consumers and achieve the best possible result for them, in terms of both monetary *and* injunctive relief. The *Aliano* litigation clearly threatens their interests.

A proposed intervenor's interest supports intervention as a matter of right so long as it is a "direct, significant, legally protectable" interest. *Sec. Ins. Co. of Hartford*, 69 F.3d at 1380; *see also Reich v. ABC/York–Estes Corp.*, 64 F.3d 316, 322 (7th Cir. 1995). While a proposed intervenor's interest must be more than "a mere 'betting' interest in the outcome of a case," *Reich*, 64 F.3d at 322, it need not amount to an actual property right, *Sec. Ins. Co. of Hartford*, 69 F.3d at 1381. "Whether an applicant has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination, making comparison to other cases of limited value." *Sec. Ins. Co. of Hartford*, 69 F.3d at 1381 (citations omitted).

"The existence of an 'impairment' depends on whether the decision of a legal question involved in the action would as a practical matter foreclose rights of the proposed intervenors in a subsequent proceeding," where "[p]otential foreclosure is measured by the general standards of stare decisis." *Rebel8 Inc. v. Bajie Zhu*, No. 15 CV 5469, 2015 WL 6123575, at *3 (N.D. Ill. Oct. 16, 2015) (citations and internal quotation marks omitted).

Here, the Proposed Intervenors have four cognizable interests that may be impaired by the disposition of *Aliano*: (1) the application of the first-to-file rule; (2) avoiding inconsistent rulings that might prejudice their action; (3) avoiding delay, expense, and waste from litigating duplicative actions; and (4) protecting the interests of the putative nationwide class, which risk

being compromised because a serial plaintiff with serious adequacy issues is seeking to represent a class and because a "reverse auction" appears to have taken place. *Cf. In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 314 (3d Cir. 2005) ("In the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation.").

### 1. Application of the First-to-File Rule

Aliano seeks to represent the same nationwide class of consumers as Proposed Intervenors. (Am. Compl. ¶ 40, ECF No. 7; Ex. C, at ¶ 45.) Allowing Aliano to proceed in this manner would engender the harms to the class that the first-to-file rule exists to prevent, such as needless duplication of effort and expense by multiple attorneys and a lack of consistent direction and leadership in prosecuting the class's claims from pre-certification motions through trial.

As both members and representatives of the putative class, Worth and Burns have a real, practical interest in seeing application of the first-to-file rule here, which other courts have recognized in similar circumstances. *Cf. Herman v. YellowPages.Com, LLC*, No. 10CV0195 JAH AJB, 2011 WL 1615174, at *2 (S.D. Cal. Mar. 29, 2011) ("Absent compelling circumstances that justify departure from the rule, the first-filing party should be permitted to proceed without concern about a conflicting order being issued in the later-filed action."); *USA Sci., LLC v. Rainin Instrument, LLC*, No. C 06-4651 SBA, 2006 WL 3334927, at *1 (N.D. Cal. Nov. 16, 2006) (granting motion to stay case under first-filed rule where defendant's argument was based, in part, on "the interest of allowing the (original) plaintiff to [choose] the forum in which the issues will be litigated").

## 2. Avoiding Inconsistent Rulings and Minimizing Delay, Expense, and Waste

Federal courts have many tools at their disposal to ensure that related cases do not proceed in multiple courts in a wasteful and inefficient manner. There is no reason why this copycat case should proceed to preliminary approval while the *Worth* case proceeds with litigation. Whatever might be the just and proper outcome of the dispute between consumers and CVS over its Algal-900 DHA product, there should be one outcome, not two. The history of these cases shows the willingness of CVS to use the pendency of two cases to its advantage. This should not continue.

*Widjaja v. YUM! Brands, Inc.*, No. CV-F-09-1074 OWW/DLB, 2009 WL 3462040 (E.D. Cal. Oct. 22, 2009), presents a similar situation. The defendant in a late-filed copycat action sought to consolidate the action with the earlier-filed original cases. *Widjaja*, 2009 WL 3462040, at *1–2. The plaintiffs in the earlier-filed cases also moved to intervene as of right and strike the class actions or stay the overlapping claims. *Id.* at *3. The proposed intervening plaintiffs in *Widjaja* asserted they had protectable interests (a) in ensuring the protection of their claims from inconsistent rulings, and in the expeditious prosecution of their action against the defendants, because the claims and parties in their earlier-filed action overlapped the claims and parties in the action before the court, and (b) in avoiding "further complications, delay, and wasted judicial and party resources" by allowing the late-filed action to proceed. *Id.* at *3–4. The court agreed, holding the intervening plaintiffs had "a significant protectable interest in this litigation; because of the possibility of inconsistent rulings, disposition of this action without intervention may impair or impede [the intervening plaintiffs'] ability to protect that interest." *Id.* at *7; *see also Nuesse v. Camp*, 385 F.2d 694, 702 (D.C. Cir. 1967) ("We think that . . . *stare decisis* principles may in some cases supply the practical disadvantage that warrants intervention as of right."); *cf.*

*Trafficcast, Inc. v. Pritchard*, No. 05-C-557-S, 2005 WL 3002267, at *3 (W.D. Wis. Nov. 7, 2005) (transferring late-filed action under first-to-file rule where "[t]here [was] no question the possibility of inconsistent judgments [was] present").

Furthermore, permitting a copycat plaintiff to control this litigation under the dubious circumstances here, without an inquiry into which plaintiffs and counsel best represent the class, would not serve the interests of justice. It is far better to allow the *Worth* plaintiffs to intervene now, before this Court, or another court, considers preliminary approval and notice to the class of any pending settlement.

### 3. Protecting the Interests of the Putative Nationwide Class

Before the Court may certify a class, Federal Rule of Civil Procedure 23(a)(4) requires the Court to make a finding that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). To qualify as an adequate class representative, the named plaintiff must not have too close of a relationship with proposed class counsel, since in these circumstances the named plaintiff is unlikely to properly discharge her obligation to advocate for the interests of the class in dealings with class counsel. *See, e.g.*, *Eubank v. Pella Corp.*, 753 F.3d 718, 722 (7th Cir. 2014) ("The impropriety of allowing Saltzman to serve as class representative as long as his son-in-law was lead class counsel was palpable."); *Susman v. Lincoln Am. Corp.*, 561 F.2d 86, 90, 95 (7th Cir. 1977) (rejecting class representative who was member of class counsel's law firm and another who was brother of class counsel). "Class representatives need to be capable of saying no if they believe counsel are failing to act in the best interests of the class." *In re Sw. Airlines Voucher Litig.*, 799 F.3d 701, 714 (7th Cir. 2015).

It is fair to say that Mario Aliano, along with his counsel, the Zimmerman Law Offices, P.C., is a serial, repeat plaintiff, and, therefore inadequate to represent the class. Aliano is a plaintiff in no fewer than 20 federal cases (many of them consumer protection class actions) with

the Zimmerman Law Offices, P.C., as his counsel in a large number of them. (*See* Exhibit D hereto (PACER list of federal cases to which Aliano has been a party).) Defendants in these cases include RadioShack, Comcast, Quaker Oats, Lifelock, Stuart Weitzman Retail Stores, Molson Coors Brewing Company, Fifth Generation, and Airgas USA. Aliano also is a plaintiff in *Aliano v. The Honest Company*, Case No. 2:16-CV-2394 (C.D. Cal.), filed on April 7, 2016, alleging that certain soap products are deceptively marketed as not containing a certain chemical. Aliano also has been ***a defendant in a class action complaint*** against him, again with Zimmerman as his counsel. *See Ortega v. Due Fratelli, Inc. et al.*, 14-cv-06669 (N.D. Ill).

Aliano's exploits are also reported in *Aliano v. Feriss*, 988 N.E.2d 168 (Ill. App. Ct. 2013) (affirming dismissal of Aliano's claims that weight loss book was false and misleading under Illinois consumer protection law); *Aliano v. Texas Roadhouse Holdings LLC*, No. 07 C 4108, 2008 WL 5397510 (N.D. Ill. Dec. 23, 2008) (granting motion to dismiss Aliano claims under Fair and Accurate Credit Transaction Act ("FACTA")); *Rossario's Fine Jewelry, Inc. v. Paddock Publications, Inc.*, No. 06 C 3820, 2007 WL 2409791 (N.D. Ill. Aug. 22, 2007) (granting summary judgment to defendant on plaintiff's claims under the Telephone Consumer Protection Act); *Aliano v. Fifth Generation, Inc.*, No. 14 C 10086, 2015 WL 5675423 (N.D. Ill. Sept. 24, 2015) (granting motion to dismiss complaint alleging that marketing vodka as "handmade" constituted consumer fraud); and *Aliano v. Amerigas Partners, L.P.*, No. 07 C 4110, 2009 WL 635547 (N.D. Ill. Mar. 12, 2009) (granting motion for judgment on the pleadings in complaint alleging FACTA violations).

This history of litigation raises multiple questions about the standing, typicality, and adequacy of Aliano and whether he and his counsel should be the sole representatives of a nationwide class in this case. The Court should permit Worth and Burns to intervene to protect the interests of the putative nationwide class by, ultimately, ensuring that the proposed class

representatives meet the adequacy requirement of Rule 23(a)(4)—as Worth and Burns do.

Furthermore, if the court allows the proposed settlement to proceed, the facts present the possibility that a "reverse auction" has taken place, which could harm the class members because the Seventh Circuit has disapproved such activity. *Reynolds*, 288 F.3d at 282–83.

### C. Aliano Does Not Adequately Represent Proposed Intervenors' Interests

A party seeking intervention as of right must only make a showing that the representation "may be" inadequate, and "the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).

The test is readily met here because: (a) as stated above, the circumstances before the Court appear to constitute a "reverse auction," which the Seventh Circuit has warned against, *Reynolds*, 288 F.3d at 282–83, and which is in the interests of neither Proposed Intervenors nor the putative class; (b) permitting Aliano to proceed will engender the duplication of efforts and fees by multiple counsel that appointment of interim class counsel under Rule 23(g) exists to prevent; (c) in his motion for preliminary approval, Aliano has staked a position antithetical to Proposed Intervenors' interests, namely, that Proposed Intervenors' claims "will be settled and released by [the proposed] Settlement" (Pl.'s Mot. & Mem. Supp. Prelim. Approval of Settlement 4 n.2, ECF No. 11); (d) Proposed Intervenors seek to transfer or stay *Aliano* under the first-to-file rule, a position Aliano himself will not assert. *See United States v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1153 (9th Cir. 2010) (stating that the three factors courts consider in determining adequacy of representation include whether a present party is "capable and willing" to make "all of a proposed intervenor's arguments").

## III. ALTERNATIVELY, THE COURT SHOULD PERMIT WORTH AND BURNS TO INTERVENE UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(b)

Even if the Court were to find reason not to grant intervention as of right, "Rule 24(b) vests district courts with 'considerable discretion' when deciding whether to permit intervention by third parties seeking to protect their interests in a particular action." *Griffith v. Univ. Hosp., L.L.C.*, 249 F.3d 658, 661–62 (7th Cir. 2001) (citation omitted); *see also Sec. Ins. Co. of Hartford*, 69 F.3d at 1380–81 (setting forth standard). "[R]eversal of a court's denial of a Rule 24(b) motion for permissive intervention 'is a very rare bird indeed.'" *Griffith*, 249 F.3d at 662 (citation omitted). The Court should construe Rule 24(b) to serve the objective of avoiding a multiplicity of suits. *Bhd. of Locomotive Eng'rs v. Chicago, M., St. P. & P. R. Co.*, 34 F. Supp. 594, 596 (E.D. Wis. 1940).

As discussed above, Proposed Intervenors' motion is timely. Further, *Worth* and *Aliano*, as virtually identical cases, share numerous common questions of law and fact. Both involve the same product that the same, sole defendant manufactures, the Algal-900 DHA supplement. (Am. Compl. ¶ 1, ECF No. 7; Ex. C, at ¶ 1.) Both allege that the same representations on the packaging of the product (*e.g.*, "CLINICALLY SHOWN MEMORY IMPROVEMENT") are false and misleading for the same reasons (*i.e.*, scientific research shows them to be false). (*E.g.*, Am. Compl. ¶¶ 14–24, 26, ECF No. 7; Ex. C, at ¶¶ 3–5, 16, 19–30.) Common legal questions abound and include, for example, whether the alleged misrepresentations are likely to deceive reasonable consumers, whether the alleged misrepresentations are material, and whether the requirements for class certification are met. Permitting intervention will not unduly delay resolution of CVS's rights because CVS must deal with *Worth* regardless of the posture of *Aliano*.

Moreover, Worth and Burns assert effectively identical claims as Aliano, who is part of the putative class they represent. If the Court transfers *Aliano* to the Eastern District of New York to join *Worth*, Aliano's interests will not be prejudiced because Aliano will be able to advocate on behalf of those interests in *Worth*. Alternatively, if the Court stays the *Aliano* case, Aliano's interests nevertheless will not be prejudiced because the earlier-filed *Worth* plaintiffs will pursue his claims—which are based on the *Worth* plaintiffs' factual and legal research and investigation—aggressively.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion of Jeffrey Worth and Robert Burns to intervene.

Date: May 4, 2016

Respectfully submitted,

By: */s/ Michael R. Reese*
**REESE LLP**
Michael R. Reese (N.D. Ill. Bar No. 90785808)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

**CENTER FOR SCIENCE
IN THE PUBLIC INTEREST**
Maia Kats (*pro hac vice to be submitted*)
*mkats@cspinet.org*
1220 L Street, Northwest, Suite 300
Washington, District of Columbia 20005
Telephone: (202) 777-8381

**MEHRI & SKALET, PLLC**
Craig L. Briskin (*pro hac vice to be submitted*)
*cbriskin@findjustice.com*
1250 Connecticut Avenue, Northwest, Suite 300
Washington, District of Columbia 20036
Telephone: (202) 822-5100

*Counsel for Proposed Intervenors Jeffrey Worth and Robert Burns*