## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mario Aliano, individually, and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) | Case No. 1:16-cv-02624-FB-MDG |
| Jeffrey Worth and Robert Burns, ) ) | |
| Intervening Plaintiffs, ) | |
| v. ) ) | |
| CVS Pharmacy, Inc., a Rhode Island Corporation, ) ) | |
| Defendant. ) | |

## <u>DECLARATION OF THOMAS A. ZIMMERMAN, JR.</u>

I, THOMAS A. ZIMMERMAN, JR., hereby state and declare as follows:

1.      I am a shareholder of the firm of Zimmerman Law Offices, P.C., counsel for Plaintiff Mario Aliano ("Aliano") and the putative Class (the "Class") in this matter.

2.      On February 11, 2016, Aliano filed his class action complaint against Defendant CVS Pharmacy, Inc. ("CVS" or "Defendant") in this matter in the Circuit Court of Cook County, and Defendant removed it to this court on March 17, 2016.

3.      On March 17, 2016, I received a telephone call from Defendant's representative, Jason Stephans ("Stephans"), who told me that he wanted to settle the CVS lawsuits on the same terms as the *Jovel* Action. I memorialized the general substance of this conversation in an email that I sent to Craig Briskin ("Briskin"), Michael R. Reese ("Reese"), and Maia Kats ("Kats") (collectively, "*Worth* Plaintiffs' Counsel") on March 17, 2016.  *See* emails dated March 17-29, 2016, attached hereto as <u>Exhibit A</u>.

**EXHIBIT 3**

4.     On March 17, 2016, I called Patricia Syverson, one of the plaintiffs' attorneys in the *Jovel* Action, and I informed her about the *Aliano* Action and my conversation with Stephans. We also discussed the investigation, facts, discovery, procedure, and settlement of the *Jovel* Action. The fact of this conversation is documented in an email that I sent to *Worth* Plaintiffs' Counsel on March 17, 2016.  *See* emails, Exhibit A.

5.     On March 17, 2016, I sent an email to *Worth* Plaintiffs' Counsel to notify them of this case, and I asked them if they were free to talk about the issues raised by Stephans.  *See* emails, Exhibit A.

6.     On March 17, 2016, I also sent an email to Anthony Vozzolo ("Vozzolo"), another plaintiffs' attorney in *Jovel*, regarding my discussion with Stephans and about the possibility of transferring this case to the Eastern District of New York to be settled alongside the *Jovel* settlement. *See* emails dated March 17-21, 2016, attached hereto as Exhibit B.

7.     On March 21, 2016, I called Vozzolo and we discussed the investigation, facts, discovery, procedure, and settlement of the *Jovel* Action. The fact of this conversation is documented in an email that I sent to *Worth* Plaintiffs' Counsel on March 21, 2016, wherein I informed them that I had spoken with Vozzolo and again asked them if they were free to talk. *See* emails, Exhibit A.

8.     On March 22, 2016, Briskin and I sent emails to each other to schedule a phone call. *See* emails dated March 22, 2016, attached hereto as Exhibit C. I called Briskin and expressed my interest in working with *Worth* Plaintiffs' Counsel to enter into a global settlement involving both the *Aliano* and *Worth* Actions. He said he would have to talk to the other *Worth* Plaintiffs' Counsel to see what they wanted to do.

9.      On March 28, 2016, I sent an email to *Worth* Plaintiffs' Counsel and informed them that I had been in communication with Defendant's counsel about various settlement issues.  I asked them if they were free to talk the following afternoon.  *See* emails, <u>Exhibit A</u>.

10.      I received an email response from Briskin, who informed me that he was out of town. In response, I sent an email to *Worth* Plaintiffs' Counsel and asked to start a dialogue with them through emails in the meantime until they were available to talk on the phone.  *See* emails, <u>Exhibit A</u>.  I did not receive any response from *Worth* Plaintiffs' Counsel after that.

11.      On March 29, 2016, I sent an email to *Worth* Plaintiffs' Counsel, and informed them that I had spoken with Defendant's counsel that day, and that Defendant's counsel wanted to get on a call with as many of us as possible the following morning.  I told them it would be useful if we spoke amongst ourselves prior to that call.  *See* emails, <u>Exhibit A</u>. There was no response from *Worth* Plaintiffs' Counsel.

12.      On April 1, 2016, I called Briskin and again expressed my interest in working with *Worth* Plaintiffs' Counsel to enter into a global settlement involving both the *Aliano* and *Worth* Actions. Again, he said he would have to talk to the other *Worth* Plaintiffs' Counsel to see what they wanted to do.

13.      On April 13, 2016, I sent an email to *Worth* Plaintiffs' Counsel and mentioned that Defendant's counsel informed me of a mediation that was scheduled with *Worth* Plaintiffs' Counsel and CVS in the *Worth* Action on April 21, 2016.  I wrote that it would make sense for me to participate in that mediation in order to reach a global resolution of the *Aliano* and *Worth* Actions, and I asked them for their thoughts.  *See* emails, <u>Exhibit D</u>.  I never received any response from *Worth* Plaintiffs' Counsel, and they participated in the mediation without me.

14.     I have previously represented Aliano as a plaintiff in several class action lawsuits. Courts have found him to be an adequate class representative on numerous occasions, including three (3) times in the past year.  *See, e.g.,* Final Judgment and Order of Dismissal with Prejudice in *Aliano, et al. v. Templeton Rye Spirits, LLC*, Case No. 14 CH 15667, Circuit Court of Cook County, ¶ 5, attached hereto as Exhibit E (Aliano was found to be an adequate class representative, and the court granted final approval of a settlement that provides injunctive relief and a Settlement Fund of $2.5 million); Final Judgment and Order of Dismissal with Prejudice in *Aliano, et al. v. Proximo Spirits, Inc.*, Case No. 14 CH 17429, Circuit Court of Cook County, ¶ 5, attached hereto as Exhibit F (Aliano was found to be an adequate class representative, and the court granted final approval of a settlement that provides injunctive relief and a Settlement Fund of $425,000); Final Approval Order in *Aliano, et. al v. Airgas USA, LLC, et al.*, Case No. 14 CH 20024, Circuit Court of Cook County, ¶ 11, attached hereto as Exhibit G (Aliano was found to be an adequate class representative, and the court granted final approval of a settlement that provided every class member who submitted a valid claim a cash payment of $30).

15.     No court has ever found Aliano to be an *inadequate* class representative in any case.

16.     I have significant experience in class action litigation, generally, and class-based consumer litigation, specifically.  For almost 20 years, I have practiced extensively in class action, corporate, commercial, consumer fraud, product liability, and other complex litigation where I have obtained multi-million dollar jury verdicts.  I represent clients in state and federal trial and appellate courts nationwide.  My qualifications are set forth in the Firm Resume attached hereto as Exhibit H.

4

17.     In 2000, I was voted one of the *Top 40 Illinois Attorneys Under the Age of 40*.  In 2003, the Illinois Supreme Court appointed me to the Review Board of the Attorney Registration and Disciplinary Commission ("ARDC"), and the Illinois Governor appointed me to the Illinois Courts Commission.  In 2013, the ARDC appointed me as Special Counsel, wherein I conduct independent investigations in matters involving allegations of misconduct against attorneys associated with the ARDC.

18.     I am admitted to practice law in Illinois, and other states on a case-by-case basis, and I am admitted to practice before the U.S. Supreme Court, federal district courts and federal court of appeals.  Based on my demonstrated experience and ability, I was appointed to the federal court trial bar.

19.     I have been lead counsel in national and state-wide class action litigation, and have handled multi-party litigation involving such companies as DaimlerChrysler, Commonwealth Edison, Mead Johnson, RC2 Corporation, PrimeCo Communications, the Chicago Sun-Times, Random House, Liberty Mutual Insurance Co., as well as others.  I am currently representing plaintiffs in several nationwide class action lawsuits pending in various courts across the country.  Some of these cases are being litigated, and some are in the process of settling.  *See* Representative Class Action Cases, listed in <u>Exhibit H</u>.

20.     Plaintiff has taken his obligations to the Settlement Class seriously.  He engaged in the prosecution of this matter, has consistently conferred with me, reviewed the various complaints and motions, consulted with me regarding my efforts to coordinate with plaintiffs' counsel in the *Worth* case and the propriety of the settlement.

21.     I and others at my firm spent a significant amount of time identifying and investigating Plaintiff's claims before filing the motion for preliminary approval of the

Settlement.  I conducted a thorough examination and investigation of the factual and legal aspects of this Action.  I engaged in informal discovery with Defendant.  Prior to and during the course of negotiation, I requested and obtained documents and financial information from Defendant.  In addition, I requested and was provided with a significant set of Class data.  I personally reviewed and analyzed thousands of pages of documents, in addition to the Class data produced by Defendant, analyzed medical and scientific studies, and assessed the efficacy of DHA on memory improvement.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

s/ Thomas A. Zimmerman, Jr.
Thomas A. Zimmerman, Jr.

## Tom Zimmerman

**From:**       Tom Zimmerman <tom@attorneyzim.com>
**Sent:**       Tuesday, March 29, 2016 11:57 AM
**To:**         'Craig Briskin'
**Cc:**         mreese@reesellp.com; mkats@cspinet.org
**Subject:**    RE: CVS Algal-900 DHA lawsuit

I spoke to defense counsel again today.  They want to get on a call with as many of us as possible tomorrow morning.  I'm free after 10:30a CST.  It would be useful if we spoke among ourselves prior to that call.

Tom.


**Thomas A. Zimmerman, Jr.**
*tom@attorneyzim.com*



ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 tel | (312) 440-4180 fax
www.attorneyzim.com

**From:** Tom Zimmerman [mailto:tom@attorneyzim.com]
**Sent:** Monday, March 28, 2016 8:35 PM
**To:** Craig Briskin
**Cc:** mreese@reesellp.com; mkats@cspinet.org
**Subject:** Re: CVS Algal-900 DHA lawsuit

Ok. What if we started the dialogue through emails in the meantime?

Tom Zimmerman

On Mar 28, 2016, at 8:20 PM, Craig Briskin <cbriskin@findjustice.com> wrote:

> I am in Florida on vacation.  Can it wait till Friday?  I will try to dial in if the rest of you can schedule a
> call.
>
> Sent from my iPhone
>
> On Mar 28, 2016, at 9:16 PM, Tom Zimmerman <tom@attorneyzim.com> wrote:
>
> > Are you free for a call tomorrow? I've been talking to defense counsel about various
> > settlement issues. I am available all afternoon.
> >
> > Tom Zimmerman
> >
> > On Mar 21, 2016, at 5:40 PM, mreese@reesellp.com wrote:

**EXHIBIT A**

Sorry all, I'm out the country this week.  I could talk next Monday though

Michael R. Reese
Reese LLP
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile:  (212) 253-4272

On Mar 21, 2016, at 16:15, Tom Zimmerman <tom@attorneyzim.com> wrote:

> I'm free tomorrow between 11a - 2:30p CST.
>
> Tom Zimmerman
>
> On Mar 21, 2016, at 5:09 PM, Craig Briskin <cbriskin@findjustice.com> wrote:
>
>> Thanks Tom- how does your schedule look tomorrow?  Let me check in with my folks here.  Thanks, Craig
>>
>>
>> **Craig L. Briskin** | Mehri & Skalet, PLLC | 1250 Connecticut Ave. NW Suite 300 | Washington, DC  20036 | 202.822.5100 ext. 116 | Fax: 202.822.4997 | www.findjustice.com | cbriskin@findjustice.com
>>
>> This electronic message transmission contains information from the law firm of Mehri & Skalet, PLLC, which may be confidential or privileged. The information is intended solely for the recipient.  Use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone (202.822.5100) or by electronic mail (cbriskin@findjustice.com).  Thank you.
>>
>> **From:** Tom Zimmerman [mailto:tom@attorneyzim.com]
>> **Sent:** Monday, March 21, 2016 5:18 PM
>> **To:** Craig Briskin; mreese@reesellp.com; mkats@cspinet.org
>> **Subject:** RE: CVS Algal-900 DHA lawsuit

I just spoke with Anthony Vozzolo, the other plaintiffs' attorney in the I-Health case.  He gave me more insight on what's going on.

Are you free to talk this week?

Tom.


**Thomas A. Zimmerman, Jr.**
*tom@attorneyzim.com*

<image001.jpg>
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 tel | (312) 440-4180 fax
www.attorneyzim.com

---

**From:** Craig Briskin
[mailto:cbriskin@findjustice.com]
**Sent:** Thursday, March 17, 2016 5:19 PM
**To:** Tom Zimmerman;
mreese@reesellp.com;
mkats@cspinet.org
**Subject:** RE: CVS Algal-900 DHA lawsuit

Tom,

Thanks for reaching out.  Let's definitely set up a call.  Schedules are a bit challenging right now- I know Maia is on vacation with limited access to email, and I'm out tomorrow.  Let me check with our folks and I'll get back to you.

Regards,
Craig


**Craig L. Briskin** | Mehri & Skalet, PLLC | 1250 Connecticut Ave. NW Suite 300 | Washington, DC  20036 | 202.822.5100 ext. 116 | Fax: 202.822.4997 | www.findjustice.com | cbriskin@findjustice.com

This electronic message transmission contains information from the law firm of Mehri & Skalet, PLLC, which may be confidential or privileged. The information is intended solely for the recipient.  Use by any other party is not authorized. If you are not the intended

3

recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone (202.822.5100) or by electronic mail (cbriskin@findjustice.com).  Thank you.

**From:** Tom Zimmerman [mailto:tom@attorneyzim.com]
**Sent:** Thursday, March 17, 2016 5:27 PM
**To:** mreese@reesellp.com; mkats@cspinet.org; Craig Briskin
**Subject:** CVS Algal-900 DHA lawsuit

All,

I have a class action pending in Illinois against CVS relative to its Algal-900 DHA product.  We filed about a week after you did.

I got a call from Jason Stephans (DSM) this afternoon.  He wants me to agree to transfer my lawsuit against CVS to the ED NY and have my case be included in the Jovel v. I-Health settlement notice to save costs.  Apparently, it would be 2 different settlements with the same terms for class relief for each product.  I don't know if this guy is for real.

I spoke to one of the plaintiff's attorneys for Jovel about their case, and left a message with the other plaintiff's attorney in that case.  I know them both from other cases I am currently co-counsel with them on.

We should talk about this.  Are you free for a call over the weekend or next week?

Tom.


**Thomas A. Zimmerman, Jr.**
*tom@attorneyzim.com*

<image001.jpg>
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602

4

(312) 440-0020 tel | (312) 440-4180 fax
www.attorneyzim.com

## Tom Zimmerman

| | |
|---|---|
| **From:** | Tom Zimmerman <tom@attorneyzim.com> |
| **Sent:** | Monday, March 21, 2016 3:51 PM |
| **To:** | 'Antonio Vozzolo' |
| **Subject:** | RE: Jovel v. I-Health |

I tried calling you, but your mailbox is full.

I'm in the office for the rest of the day.

Tom.


**Thomas A. Zimmerman, Jr.**
*tom@attorneyzim.com*



ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 tel | (312) 440-4180 fax
www.attorneyzim.com

**From:** Antonio Vozzolo [mailto:avozzolo@vozzolo.com]
**Sent:** Friday, March 18, 2016 1:38 PM
**To:** Tom Zimmerman
**Subject:** RE: Jovel v. I-Health

Thanks Tom.

See below for my new contact information:

Antonio Vozzolo
Vozzolo LLC
345 Route 17 South
Upper Saddle River, New Jersey 07458
Phone: 201-630-8820
Fax: 201-604-8400


**From:** Tom Zimmerman [mailto:tom@attorneyzim.com]
**Sent:** Thursday, March 17, 2016 5:19 PM
**To:** Antonio Vozzolo <avozzolo@vozzolo.com>
**Subject:** Jovel v. I-Health

Anthony,

**EXHIBIT B**

I got a call from Jason Stephans (DSM) this afternoon.  He wants me to transfer my lawsuit against CVS Pharmacy to the ED NY and have my product be included in your settlement notice to save costs.  It would be 2 different settlements with the same terms for class relief for each product.  Is this guy for real?

By the way. Congratulations on starting your new firm.  What's your phone number?

Tom.


**Thomas A. Zimmerman, Jr.**
*tom@attorneyzim.com*



Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 tel | (312) 440-4180 fax
www.attorneyzim.com

---

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2016.0.7442 / Virus Database: 4540/11785 - Release Date: 03/09/16
Internal Virus Database is out of date.

**Tom Zimmerman**

---

**From:**        Tom Zimmerman <tom@attorneyzim.com>
**Sent:**        Tuesday, March 22, 2016 10:51 AM
**To:**          Craig Briskin
**Subject:**     Re: CVS Algal-900 DHA lawsuit

Yes, let's talk then.

Tom Zimmerman

On Mar 22, 2016, at 9:12 AM, Craig Briskin <cbriskin@findjustice.com> wrote:

> Tom, I'm the only one in the office this week. Are you still free today at 2pm EST / 1pm CST?  That would
> work for me.  Thanks, CLB
>
>
> **Craig L. Briskin** | Mehri & Skalet, PLLC | 1250 Connecticut Ave. NW Suite 300 | Washington, DC  20036 |
> 202.822.5100 ext. 116 | Fax: 202.822.4997 | www.findjustice.com | cbriskin@findjustice.com
>
> This electronic message transmission contains information from the law firm of Mehri & Skalet, PLLC, which may be
> confidential or privileged. The information is intended solely for the recipient.  Use by any other party is not
> authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the
> contents of this information is prohibited. If you have received this electronic transmission in error, please notify us
> immediately by telephone (202.822.5100) or by electronic mail (cbriskin@findjustice.com).  Thank you.

**From:** Tom Zimmerman [mailto:tom@attorneyzim.com]
**Sent:** Monday, March 21, 2016 6:15 PM
**To:** Craig Briskin
**Cc:** mreese@reesellp.com; mkats@cspinet.org
**Subject:** Re: CVS Algal-900 DHA lawsuit

I'm free tomorrow between 11a - 2:30p CST.

Tom Zimmerman

On Mar 21, 2016, at 5:09 PM, Craig Briskin <cbriskin@findjustice.com> wrote:

> Thanks Tom- how does your schedule look tomorrow?  Let me check in with my folks
> here.  Thanks, Craig
>
>
> **Craig L. Briskin** | Mehri & Skalet, PLLC | 1250 Connecticut Ave. NW Suite 300
> | Washington, DC  20036 | 202.822.5100 ext. 116 | Fax: 202.822.4997 | www.findjustice.com
> | cbriskin@findjustice.com
>
> This electronic message transmission contains information from the law firm of Mehri & Skalet, PLLC,
> which may be confidential or privileged. The information is intended solely for the recipient.  Use
> by any other party is not authorized. If you are not the intended recipient, be aware that any
> disclosure, copying, distribution or use of the contents of this information is prohibited. If you have
> received this electronic transmission in error, please notify us immediately by telephone
> (202.822.5100) or by electronic mail (cbriskin@findjustice.com).  Thank you.

**EXHIBIT C**

## Tom Zimmerman

| | |
|---|---|
| **From:** | Tom Zimmerman <tom@attorneyzim.com> |
| **Sent:** | Wednesday, April 13, 2016 10:27 AM |
| **To:** | 'Craig Briskin' |
| **Cc:** | mreese@reesellp.com; mkats@cspinet.org |
| **Subject:** | RE: CVS Algal-900 DHA lawsuit |

All,

CVS counsel informed me of the April 21st mediation at JAMS.  I think it makes sense for me to participate in that mediation if we are to try to reach a global resolution of all claims.  What are your thoughts?

Tom.


**Thomas A. Zimmerman, Jr.**
*tom@attorneyzim.com*



ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 tel | (312) 440-4180 fax
www.attorneyzim.com

---

**From:** Craig Briskin [mailto:cbriskin@findjustice.com]
**Sent:** Monday, March 28, 2016 8:20 PM
**To:** Tom Zimmerman
**Cc:** mreese@reesellp.com; mkats@cspinet.org
**Subject:** Re: CVS Algal-900 DHA lawsuit

I am in Florida on vacation.  Can it wait till Friday?  I will try to dial in if the rest of you can schedule a call.

Sent from my iPhone

On Mar 28, 2016, at 9:16 PM, Tom Zimmerman <tom@attorneyzim.com> wrote:

> Are you free for a call tomorrow? I've been talking to defense counsel about various settlement issues. I am available all afternoon.
>
> Tom Zimmerman
>
> On Mar 21, 2016, at 5:40 PM, mreese@reesellp.com wrote:
>
>> Sorry all, I'm out the country this week.  I could talk next Monday though
>>
>> Michael R. Reese
>> Reese LLP
>> 100 West 93rd Street, 16th Floor

1

**EXHIBIT D**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| MARIO ALIANO and DUE FRATELLI, INC., individually and on behalf of all others similarly situated, | Case No. 2014-CH-15667 |
| *Plaintiffs,* | Judge: Hon. Rodolfo Garcia |
| *v.* | Action Filed: Sept. 26, 2014 |
| TEMPLETON RYE SPIRITS, LLC, | |
| *Defendant.* | |

## <u>FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE</u>

The Court, having considered the Motion for Final Approval (the "Motion for Final Approval") of a proposed class action settlement of the above-captioned matter (the "Action") between Plaintiffs Mario Aliano and Due Fratelli, Inc. ("Plaintiffs") and Defendant Templeton Rye Spirits, LLC ("Templeton" or "Defendant"), pursuant to the Parties' Class Action Settlement Agreement (the "Settlement Agreement" or "Settlement"), and having duly considered the papers and arguments of counsel, Plaintiffs' Motion is hereby GRANTED and it is hereby ORDERED, ADJUDGED, and DECREED THAT:

1. Unless defined herein, all capitalized terms in this Order shall have the respective meanings ascribed to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3. On July 21, 2015, this Court preliminarily approved the Settlement and certified, for settlement purposes, the Settlement Class consisting of:

> All persons and entities in the United States who purchased Templeton Rye from January 1, 2006 to July 21, 2015.

**EXHIBIT E**

4.      This Court now affirms certification of the Settlement Class and gives final approval to the Settlement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The complex legal and factual posture of this case, and the fact that the Settlement Agreement is the result of arm's-length negotiations presided over by Honorable Michael Gallagher (Ret.), a third-party neutral mediator, support this finding. The Settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the claims and defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing trial on the merits.

5.      Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement. The preliminary appointment of Thomas A. Zimmerman, Jr. of the law firm of Zimmerman Law Offices PC and Ari J. Scharg of the law firm Edelson PC as Class Counsel is hereby confirmed.

6.      Accordingly, the Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. Defendant is hereby ordered to implement and comply with the Settlement Agreement regarding the prospective relief made available to the Settlement Class Members. Defendant shall pay all valid claims of claiming Class Members, as well as the Fee Award and Incentive Awards, pursuant to and in the manner provided by the terms of the Settlement Agreement. Pursuant to the Settlement Agreement, any claimant that has submitted an incomplete claim form shall be notified of the deficiency and provided with twenty-one (21) days to submit the missing information. The Settlement Administrator is directed to provide such notice by January 6, 2016, and claimants shall have until January 27, 2016 to respond.  Defendant's right to dispute the validity of submitted claims shall survive the entry of this Order.

2

7.      Other than as set forth in the Settlement Agreement, the Parties shall bear their own costs and attorneys' fees.

8.      Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice, which included direct notice to Class members by U.S. mail and E-mail, and through an online media campaign, the establishment of a Settlement Website, and posting of a hyperlink to the Settlement Website on Defendant's website, fully complied with due process and constituted the best notice practicable under the circumstances.

9.      Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the Action on the merits and with prejudice.

10.     This judgment has been entered without any admission by Defendant of liability or as to the merits of any of the allegations in Plaintiffs' Class Action Complaint.

11.     The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement. Upon the Effective Date of the Settlement, Plaintiffs and each and every Settlement Class Member shall be deemed to have released, acquitted, and forever discharged Defendant and each of the Released Parties from any and all Released Claims.

12.     Upon the Effective Date, the above release of claims and the Settlement Agreement will be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members, Releasing Parties, and their heirs, executors, and administrators, successors, and assigns that involve the Released Claims. All Settlement Class Members who have not been properly excluded from the Settlement Class shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim(s) against any of the Released Parties in any court, arbitration, tribunal, forum or proceeding.

3

13.     The Court awards to Class Counsel $750,000, which shall include all attorneys' fees and reimbursable expenses associated with this Action.

14.     The Court awards to the Class Representatives and Named Plaintiffs $17,500 total, for their time and effort serving the Class in this Action.

15.     Without affecting the finality of this judgment, the Court retains exclusive jurisdiction of the Settlement, including without limitation, issues concerning its administration and consummation. The Court also retains exclusive jurisdiction over the Parties to this Agreement, including Defendant and all Settlement Class Members regarding the Settlement Agreement and this Final Judgment Order. Defendant, Plaintiffs, and each and every Settlement Class Member is hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to the Released Claims, this Order, and the Agreement, including, but not limited to, the effect of the Released Claims, the Settlement Agreement, or this Order. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the Parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

16.     The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the Settlement Agreement, and this Order, are not

and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendant has denied and continues to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent a Party from offering the Agreement into evidence for the purposes of enforcement of the Agreement.

17.     The certification of the Settlement Class shall be binding only with respect to the settlement of the Action. In the event that the Settlement Agreement is terminated pursuant to its terms or the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified (including Defendant's right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

18.     Based upon the Court's finding that there is no just reason to delay enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment.

**IT IS SO ORDERED** this 9th day of December, 2015.

ENTERED
Judge Rodolfo Garcia

DEC 09 2015

Circuit Court – 1727

_____

THE HONORABLE RODOLFO GARCIA

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

MARIO ALIANO and DUE FRATELLI, INC.,
individually and on behalf of all others similarly
situated,

     *Plaintiffs,*

*v.*

PROXIMO SPIRITS, INC.,

     *Defendant.*

Case No. 2014-CH-17429

Hon. Kathleen M. Pantle

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

The Court, having considered the Motion and Memorandum in Support of Final Approval (the "Motion for Final Approval") of a proposed class action settlement of the above-captioned matter (the "Action") between Plaintiffs Mario Aliano and Due Fratelli, Inc. ("Plaintiffs") and Defendant Proximo Spirits, Inc. ("Proximo" or "Defendant"), pursuant to the Parties' Class Action Settlement Agreement (the "Settlement Agreement" or "Settlement"), and having duly considered the papers and arguments of counsel, Plaintiffs' Motion is hereby GRANTED and it is hereby ORDERED, ADJUDGED, and DECREED THAT:

1.  Unless defined herein, all capitalized terms in this Order shall have the respective meanings ascribed to them in the Settlement Agreement.

2.  This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3.  On September 16, 2015, this Court preliminarily approved the Settlement and certified, for settlement purposes, the Settlement Class consisting of:

> All persons and entities in the United States who purchased Tincup whiskey from July 1, 2013 to September 16, 2015.

     **EXHIBIT F**

4.      This Court now affirms certification of the Settlement Class and gives final approval to the Settlement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The complex legal and factual posture of this case, and the fact that the Settlement Agreement is the result of arm's-length negotiations, support this finding. The Settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the claims and defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing trial on the merits.

5.      Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement. The preliminary appointment of Thomas A. Zimmerman, Jr., Matthew C. De Re, and Nickolas J. Hagman of the law firm of Zimmerman Law Offices, P.C. as Class Counsel is hereby confirmed.

6.      Accordingly, the Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. Defendant is hereby ordered to implement and comply with the Settlement Agreement regarding the prospective relief made available to the Settlement Class Members. Defendant shall pay from the Settlement Fund all valid claims of claiming Class Members, as well as the Fee Award and Incentive Awards, pursuant to and in the manner provided by the terms of the Settlement Agreement. Pursuant to the Settlement Agreement, any claimant that has submitted an incomplete claim form shall be notified of the deficiency and provided with twenty-one (21) days to submit the missing information. The Settlement Administrator provided such notice on January 15, 2016, and

2

claimants shall have until February 5, 2016 to respond.  Defendant's right to dispute the validity of submitted claims shall survive the entry of this Order.

7.      Other than as set forth in the Settlement Agreement, the Parties shall bear their own costs and attorneys' fees.

8.      Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice, which included direct notice to Class members by U.S. mail and E-mail, and through an online media campaign, the establishment of a Settlement Website, and posting of a hyperlink to the Settlement Website on Defendant's website, fully complied with due process and constituted the best notice practicable under the circumstances.

9.      Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the Action on the merits and with prejudice.

10.     This judgment has been entered without any admission by Defendant of liability or as to the merits of any of the allegations in Plaintiffs' Class Action Complaint.

11.     The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement. Upon the Effective Date of the Settlement, Plaintiffs and each and every Settlement Class Member shall be deemed to have released, acquitted, and forever discharged Defendant and each of the Released Parties from any and all Released Claims.

12.     Upon the Effective Date, the above release of claims and the Settlement Agreement will be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members, Releasing Parties, and their heirs, executors, and administrators, successors, and assigns that involve the Released Claims. All Settlement Class Members who

3

have not been properly excluded from the Settlement Class shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim(s) against any of the Released Parties in any court, arbitration, tribunal, forum or proceeding.

13.     The Court awards to Class Counsel $141,666, which shall include all attorneys' fees and reimbursable expenses associated with this Action.

14.     The Court awards to the Class Representatives and Named Plaintiff $12,500 total, for their time and effort serving the Class in this Action.

15.     Without affecting the finality of this judgment, the Court retains exclusive jurisdiction of the Settlement, including without limitation, issues concerning its administration and consummation. The Court also retains exclusive jurisdiction over the Parties to this Agreement, including Defendant and all Settlement Class Members, regarding the Settlement Agreement and this Final Judgment Order. Defendant, Plaintiffs, and each and every Settlement Class Member is hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to the Released Claims, this Order, and the Agreement, including, but not limited to, the effect of the Released Claims, the Settlement Agreement, or this Order. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the Parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to

4

assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

16.     The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendant has denied and continues to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent a Party from offering the Agreement into evidence for the purposes of enforcement of the Agreement.

17.     The certification of the Settlement Class shall be binding only with respect to the settlement of the Action. In the event that the Settlement Agreement is terminated pursuant to its terms or the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified (including Defendant's right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

DM_US 69506664-2.083225.0019

18.     Based upon the Court's finding that there is no just reason to delay enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment.

**IT IS SO ORDERED** this 21st day of January, 2016.

_____
THE HONORABLE KATHLEEN M. PANTLE

ENTERED
JUDGE KATHLEEN M. PANTLE-1775
JAN 21 2016
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMENT – CHANCERY DIVISION

| | | |
|---|---|---|
| **MARIO ALIANO** and **NGUYEN BUREN**, individually, and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 14 CH 20024 |
| **AIRGAS USA, LLC**, a Delaware limited liability company, and **AIRGAS, INC.**, a Delaware corporation, | ) ) ) ) | JUDGE DAVID B. ATKINS<br><br>MAY 29 2015 |
| Defendants. | ) ) | Circuit Court-1879 |

### FINAL JUDGMENT AND ORDER

The Court, having considered the parties' Joint Motion for Final Approval (the "Motion") of the settlement (the "Settlement") of the above-captioned case ("the Litigation") pursuant to the Settlement Agreement dated January 23, 2015 between Plaintiffs and Defendants (the "Settlement Agreement"), having considered all of the submissions and arguments with respect to the Motion, and having held a Fairness Hearing on May 29, 2015, finds that:

1.      Unless defined herein, all capitalized terms in this Order shall have the respective meanings as the same terms in the Settlement Agreement.

2.      Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice fully complied with the requirements of 735 ILCS 5/2-803 and due process, constituted the best notice practicable under the circumstances, and provided due and sufficient notice to all persons entitled to notice of the Settlement of this Litigation.

**EXHIBIT G**

3.      The Settlement Agreement was arrived at as a result of arm's-length negotiations conducted in good faith by counsel for the parties and is supported by Plaintiffs and Settlement Class Counsel and by Defense Counsel.

4.      The Settlement as set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal.

5.      The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties.  The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the numerous types of claims and affirmative defenses asserted in the Litigation, and the potential risks and likelihood of success of alternatively pursuing trials on the merits.

6.      The persons listed on Exhibit A hereto are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order.

7.      It is in the best interests of the Parties and the Settlement Class members, and consistent with principles of judicial economy, that any dispute between any Settlement Class member and any Released Party regarding a Settlement Matter (as defined below) should be presented exclusively to and resolved by this Court.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

8.      The Settlement Agreement is finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class.   The Parties are directed to

consummate the Settlement Agreement in accordance with its terms. The Parties, and Settlement Class members who did not timely exclude themselves from the Settlement Class, are bound by the terms and conditions of the Settlement Agreement.

9.    The following Settlement Class is hereby finally certified, solely for purposes of this Settlement, pursuant to 735 ILCS 5/2-801, *et seq.*:

> all individuals to whom Defendants or a Defendant Affiliate provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in the United States between April 4, 2011 and August 28, 2012, which receipt displays the expiration date of the individual's personal (not a business) credit card or debit card.

10.    The requirements of 735 ILCS 5/2-801, *et seq.*, have been satisfied for settlement purposes. The Settlement Class is so numerous that joinder of all members is impracticable; there are at least some questions of law or fact common to the Settlement Class, which common questions predominate over any questions affecting only individual members; and the Plaintiffs have fairly and adequately represented the interests of the Settlement Class.

11.    The preliminary appointment of Mario Aliano and Nguyen Buren as representatives of the Settlement Class and the following as Settlement Class Counsel are hereby confirmed:

> Thomas A. Zimmerman, Jr.
> Adam M. Tamburelli
> Matthew C. De Re
> Nickolas J. Hagman
> Zimmerman Law Offices, P.C.
> 77 West Washington Street, Suite 1220
> Chicago, Illinois  60602

The Settlement Class representatives have fairly and adequately represented the interests of the Settlement Class. Settlement Class Counsel is experienced in class litigation and has fairly and adequately represented the interests of the Settlement Class.

3

12.     The Parties are directed to distribute according to the terms of the Settlement Agreement the consideration provided for under the Settlement to members of the Settlement Class who have submitted Valid Claim Forms.

13.     The Releasing Parties release and forever discharge the Released Parties from the Released Claims.

(A)     As used in this Order, the "Releasing Parties" shall mean Plaintiffs and each Settlement Class member (except a person who has obtained proper and timely exclusion from the Settlement Class and is identified on Exhibit A to this Order), on her/his own behalf and on behalf of her/his respective current and former heirs, executors, administrators, assigns, and agents.

(B)     As used in this Order, the "Released Parties" shall mean Defendants Airgas USA, LLC, Airgas, Inc. and their present or past predecessors, successors, assigns, direct or indirect parents, subsidiaries, associates, affiliates, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and persons, firms, trusts, corporations, officers, directors, and any other individuals or entities in which any Defendant has a controlling interest, to which any Defendant is related, or with which it is affiliated.

(C)     As used in this Order, the "Released Claims" shall mean any and all actions, causes of action, claims, counterclaims, breaches, controversies, demands, damages, expenses, losses, costs, attorneys' fees, court costs, loss of income, loss of value or loss of services of any type whatsoever, known or unknown, past or present, whether under foreign or domestic tort or contract law and/or any other foreign or domestic statute, law, regulation, ordinance, certificate of incorporation or by-law relating in any way to the claims made or that could have been made by Plaintiffs in the Lawsuit or relating in any way to the alleged printing of expiration dates on credit or debit card receipts or relating in any way to FACTA.

14.     The Released Claims include claims that are currently unknown to the Releasing Parties. The release in this Order and the Settlement Agreement fully, finally, and forever discharges all Released Claims, whether now asserted or unasserted, known or unknown,

4

suspected or unsuspected, which now exist, or heretofore existed or may hereafter exist, which if known, might have affected their decision to enter into this release.  Each Releasing Party shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States, or any state or territory of any other country, or principle of common law or equity, which governs or limits a person's release of unknown claims.  The Releasing Parties understand and acknowledge that they may hereafter discover facts in addition to or different from those that are currently known or believed to be true with respect to the subject matter of this release, but have agreed that they have taken that possibility into account in reaching this Settlement Agreement and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Releasing Parties expressly assume the risk, they fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.  The foregoing waiver includes, without limitation, an express waiver, to the fullest extent permitted by law, by Plaintiffs, the Settlement Class members, and all other Releasing Parties of any and all rights under California Civil Code Section 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

In addition, Plaintiffs, Settlement Class members, and all other Releasing Parties also expressly waive any and all provisions, rights, and benefits conferred by any law or principle of common

law or equity, that are similar, comparable, or equivalent, in whole or in part, to California Civil Code Section 1542.

15.     Plaintiffs and members of the Settlement Class are permanently enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located, any Released Claims. Any person or entity who knowingly violates such injunction shall pay the reasonable costs and attorneys' fees incurred by Defendants as a result of such violation.

16.     The Court hereby awards Settlement Class Counsel $1,100,000 for attorneys' fees and costs, and $5,000 as an incentive award to Plaintiff Nguyen Buren, to be paid by Defendants. The Court hereby approves payment of an incentive award of $5,000 to Plaintiff Mario Aliano, to be paid out of Class Counsel's attorneys' fees award.

17.     Without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the Settlement Agreement and all matters, disputes, claims or defenses arising out of or related in any way to the Settlement Agreement, including without limitation its applicability, administration, and consummation (collectively, the "Settlement Matters"). The Court also retains exclusive jurisdiction as to the Settlement Matters over Defendants, Plaintiffs, and members of the Settlement Class who are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court with regard to all Settlement Matters and to have waived any defenses based on personal jurisdiction, venue, or that the forum is inconvenient. Without limiting the generality of the foregoing, any dispute arising out of or related in any way to the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other

proceeding by a Settlement Class member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, constitutes a Settlement Matter.

18.     The Settlement Agreement and the proceedings taken and statements made pursuant to the Settlement Agreement or papers filed seeking approval of the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Litigation, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of Defendants.  Defendants have denied and continue to deny the claims asserted by Plaintiffs.  Nothing contained herein shall be construed to prevent a party from offering the Settlement Agreement into evidence for the purposes of enforcing its terms.

19.     In the event that the Settlement Agreement is terminated pursuant to its terms or the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified (including but not limited to Plaintiffs' right to engage in discovery and Defendants' right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, this Settlement Agreement, or any documents, communications, or negotiations related in any way hereto shall be made for any purpose.

20.     The Litigation is hereby **DISMISSED WITH PREJUDICE** and without costs.  This judgment has been entered without any admission by Defendants as to the merits of any of Plaintiffs' allegations in the Litigation.

21.     The Court directs the Clerk to enter final judgment.

BY THE COURT: JUDGE DAVID B. ATKINS

MAY 29 2015

Circuit Court-1879

Dated:  May 29, 2015

_____

HONORABLE DAVID B. ATKINS

8

6602958

KCC Class Action Services
Aliano v Airgas USA, LLC
Exclusion Report
05/06/2015



Count: 41

| Control No. | Last Name | First Name |
|---|---|---|
| 10006698701 | ANDERSON | STEPHEN |
| 10011083601 | BARNES JR | JOSEPH CALLOWAY |
| 10012993601 | BELOCK | RONALD J |
| 10013894901 | BERRING | ELIZABETH ANN |
| 10021676601 | BROWN | RUSSELL EDWARD |
| 10034182201 | CLARK | RICHARD LEE |
| 10038337301 | CRAFT | JANICE M |
| 10044813601 | DELAGARZA | MARIA L |
| 10045015501 | DELGADO | CARLOS |
| 10052430801 | FARRIS | JAMES O |
| 10058049001 | FLORES JR | RAMON J |
| 10063237301 | GARCIA | FRANCISCO |
| 10070621601 | GARCIA | JOSE RAMON |
| 10073628201 | GARCIA | OSCAR ANIBAL |
| 10076996201 | GAYTAN SR | ALEJANDRO C |
| 10102532401 | HAYES JR | WILLIAM OWEN |
| 10122073001 | IMADA | TATSUMI I |
| 10131064001 | JOHNSON | MILLER DEAN |
| 10131145001 | JOHNSON | PATRICIA RATLEY |
| 10137341701 | JONES | ROBERT T |
| 10144828401 | LAMBERT | DONALD VINCENT |
| 10145663301 | LASSITER | DAVID EDWARD |
| 10167866601 | MARTIN | RICHARD C |
| 10184863801 | MEDINA | JOSE H |
| 10187878301 | METZGER | HOGAN LEE |
| 10198150801 | MORALES | MARIA ISABEL |
| 10202100401 | NAGAI | SEICHI FUSAYO H |
| 10205528201 | NGUYEN | TRI D |
| 10206118001 | NIEVA | JONATHAN A |
| 10210070601 | ORTIZ | MARIA Z |
| 10226035701 | RAMIREZ | HECTOR ROLANDO |
| 10250593701 | ROMAN | THOMAS R |
| 10264356801 | SHOUP | RONALD E |
| 10267641001 | SMITH | DAVID |
| 10295133001 | TORRES JR | JESUS C |
| 10302707501 | WARD | ROBERT HERMAN |
| 10311750701 | WILLIAMSON | CHADD DAVID |
| 10312346501 | WILSON | JAMES LARRY |
| 10314528001 | WONG | WINONA KAM |
| 10316485601 | YOACHUM | RUSTY L |
| 10317304301 | YOUNG | ROBERT MARTIN |

**Exhibit A**

## ZIMMERMAN LAW OFFICES, P.C.

Since 1996, Zimmerman Law Offices has represented individuals and businesses in a wide array of legal matters. Its attorneys are established and respected trial lawyers who represent clients in complex litigation and class action lawsuits nationwide. The firm has an extensive and varied litigation-based practice, with a focus on class action litigation. Zimmerman Law Offices has recovered over $200 million on behalf of millions of individuals and businesses nationwide.

The attorneys at Zimmerman Law Offices are experienced in Multidistrict Litigation (MDL), having served as lead counsel in MDL cases throughout the country. These MDL cases included claims for fraud, improper pricing, misleading product claims, and privacy violations including data breaches.

## ATTORNEYS

### Thomas A. Zimmerman, Jr.

A seasoned litigator for almost 20 years, Mr. Zimmerman practices extensively and has obtained multi-million dollar jury verdicts in class action, corporate, commercial, medical malpractice, consumer fraud, general civil, product liability, toxic tort, and other complex litigation. He represents both plaintiffs and defendants nationwide in state and federal trial and appellate courts. He also represents individuals and corporations in transactional matters, and before state and federal administrative and regulatory agencies.

Mr. Zimmerman has been lead counsel in national and state-wide class action litigation, and has handled other multi-party litigation involving such companies as MCI/Worldcom, United Airlines, Peoples Gas, AT&T, Warner-Lambert, Pfizer, Liberty Mutual Insurance Co., DaimlerChrysler, Commonwealth Edison, Ameritech, and Bridgestone/Firestone. He is well respected for his representation of physicians, dentists, nurses, psychologists, veterinarians, and many other licensed professionals before state and federal agencies including the Illinois Department of Financial and Professional Regulation, and the U.S. Department of Health and Human Services.

In 2000, he was voted one of the Top 40 Illinois Attorneys Under the Age of 40. This is especially notable, as he was chosen out of 60,000 attorneys in Illinois under the age of forty.

In 2003, the Illinois Supreme Court appointed Mr. Zimmerman to the Review Board of the Attorney Registration and Disciplinary Commission ("ARDC"). He served in that capacity until 2011, wherein he presided over appeals by attorneys who have been found to have committed misconduct, and recommended discipline for their ethical violations. In 2013, the ARDC appointed Mr. Zimmerman as Special Counsel, wherein he conducts independent investigations in matters involving allegations of misconduct against attorneys associated with the ARDC.

**EXHIBIT H**

Additionally, the Illinois Governor appointed Mr. Zimmerman to the Illinois Courts Commission. A Commission member presides over proceedings wherein judges are charged with committing ethical violations, and imposes discipline on judges who are found to have engaged in misconduct.

Prior to becoming an attorney, Mr. Zimmerman worked for AT&T where he negotiated partnerships with companies for domestic and international joint-venture and new product development activities. During this time, he was the featured speaker at 400 conferences, seminars, and presentations. Thereafter, he presented oral testimony at various Federal Senate and Congressional hearings. After obtaining his law license, Mr. Zimmerman has lectured at law schools and seminars, and is frequently interviewed by the news media concerning legal issues.

Mr. Zimmerman earned a B.S. in Computer Science-Mathematics from the University of Illinois, and an M.B.A. in Finance from DePaul University in the evenings while working for AT&T. After leaving AT&T, Mr. Zimmerman earned his law degree from the Chicago-Kent College of Law, where he was a Ramsey-Burke Scholarship recipient and earned the Academic Achievement Award.

He is admitted to practice law in Illinois, and other states on a case-by-case basis, and he is admitted to practice before the U.S. Supreme Court, and various federal courts of appeal and federal district courts. Based on his demonstrated experience and ability, he was appointed to the federal court trial bar.

Mr. Zimmerman is currently the chair of the Clerk of the Circuit Court of Cook County Attorney Advisory Committee, and was formerly co-chair of the Clerk of the Circuit Court Transition and Strategic Planning Public Policy Subcommittee.

Mr. Zimmerman is a member of the American, Illinois State, and Chicago Bar Associations, and the Illinois Trial Lawyers Association, where he serves on various committees.  He is also a member of the American Association for Justice.  In 2000, he was appointed to the Illinois Trial Lawyers Association Board of Advocates.

Involved in numerous community service activities, Mr. Zimmerman has been an Illinois State Board of Education surrogate parent of disabled children since 1988. In addition, he was a speaker on the rights of disabled people for the Illinois Planning Council on Developmental Disabilities, and a Family Shelter Service counselor to battered children for many years. He has been recognized by the federal court for his pro bono representation of indigent clients.


**Amelia S. Newton**

Ms. Newton represents plaintiffs and defendants nationwide in class action, corporate commercial, consumer fraud, general civil, and other complex litigation in state and federal courts. She also represents professionals, such as physicians, dentists, nurses, insurance producers, and real estate brokers before state and federal agencies, including the Illinois Department of Financial and Professional Regulation and Department of Insurance.

Ms. Newton's nearly 30 years of experience as an attorney also includes representing plaintiffs and defendants in nationwide securities fraud class actions in courts throughout the country. She has litigated matters involving real estate, contracts, professional malpractice and UCC violations on behalf individuals, receivers, banks, mortgage companies and corporations in state and federal courts. She has represented investors before the Financial Industry Regulatory Authority and has considerable experience litigating property matters including title defects, insurance coverage, mechanics liens, building code violations, contested foreclosures, drug forfeiture actions, hazard insurance claims, and HUD regulatory issues.  Ms. Newton has been involved in all phases of litigation, including extensive discovery, substantive motion practice, bench trials and appeals.

As a Circuit Court of Cook County Arbitrator, Ms. Newton adjudicated personal injury, property damage and other cases assigned to mandatory arbitration.

She was awarded a B.A. from Michigan State University's James Madison College and received her law degree from DePaul University where she was selected to be a legal writing tutor in the Legal Writing Program.

Ms. Newton has also been involved in valuable community service.  Through the Center for Disability and Elder Law, she was a volunteer at the Cook County Probate Division *Pro Se* Adult Guardianship Help Desk assisting families with filing petitions in court to obtain guardianship orders for disabled adults.

She is admitted to practice in the State of Illinois, the United States District Court for the Northern District of Illinois and the United States Court of Appeals for the Seventh Circuit.  She is also a member of the Chicago Bar Association.


**<u>Sharon A. Harris</u>**

Ms. Harris has extensive experience litigating complex class action matters in state and federal trial and appellate courts nationwide. For almost 17 years, she has focused her practice on consumer protection, product liability, privacy, and antitrust matters. Ms. Harris has developed a particular expertise in state unfair and deceptive practice statutes, privacy laws, federal antitrust laws, the Fair Credit Reporting Act, the Racketeer Influenced and Corrupt Organizations Act (RICO), the Telephone Consumer Protection Act, and various other federal and state laws. For example, she was appointed class counsel in *In re Pilot Flying J Fuel Rebate Contract Litigation*, which involved allegations that the defendants violated RICO and various state laws by withholding portions of fuel discounts and rebates to which class members were contractually entitled.

Ms. Harris received her Bachelor of Science degree from Michigan State University with a dual major in Political Science and Social Science. She received her law degree from DePaul University College of Law.

She is admitted to practice in the State of Illinois, the United States District Court for the Northern District of Illinois, and the United States Courts of Appeals for the Seventh and Ninth Circuits, and she is a member of the American, Illinois State, and Chicago Bar Associations.

## Matthew C. De Re

Mr. De Re advocates for both plaintiffs and defendants nationwide in state and federal trial and appellate courts. His practice areas include class action, corporate, commercial, consumer fraud, general civil, product liability, personal injury, and other complex litigation. He also represents professionals, such as physicians, dentists, nurses, insurance producers, and real estate brokers, before state and federal agencies, including the Illinois Department of Financial and Professional Regulation and the Department of Insurance. In addition to his extensive litigation practice, Mr. De Re assists individuals and corporations in transactional matters.

He has experience in all phases of litigation, including extensive discovery and substantive motion practice. He has assisted in the defense of individuals and companies in cases involving personal injury, employment, and civil rights. Mr. De Re has also vigorously pursued recovery for plaintiffs in numerous civil matters. Prior to joining Zimmerman Law Offices, he served as a Law Clerk for the Circuit Court of Cook County.

Mr. De Re graduated from the University of Wisconsin-Madison with a B.S. in both Political Science and History. He earned his law degree from Washington University in St. Louis. While in law school, he received academic awards and appeared on the Dean's List multiple times. He also served two years on the Executive Board of the Student Bar Association and was the Associate Managing Editor for the Washington University Journal of Law & Policy.

He is admitted to practice law in the State of Illinois and is a member of the Illinois State and Chicago Bar Associations.

## Nickolas J. Hagman

Mr. Hagman is licensed to practice law in both the State of Illinois and the State of Wisconsin where he represents clients in state and federal courts.  Mr. Hagman represents plaintiffs and defendants in cases involving class action, general civil, commercial, consumer fraud, corporate, product liability, personal injury, and other complex litigation issues.  Additionally, Mr. Hagman represents licensed professionals, including physicians, dentists, nurses, insurance producers, and real estate brokers, before state and federal agencies, including the Illinois Department of Financial and Professional Regulation and the Department of Insurance.

Mr. Hagman graduated *magna cum laude* from the University of Minnesota-Twin Cities with a bachelor's degree in both Political Science and Spanish. He earned his law degree from Marquette University Law School in Milwaukee, Wisconsin.  While in law school, he received academic awards and appeared on the Dean's List multiple times.  He participated in several

moot court competitions and also served for two years as Associate Editor of the Marquette Law Review.

Prior to joining Zimmerman Law Offices, he served as a Judicial Law Clerk for several judges in the Milwaukee County Circuit Court in Wisconsin.  He is a member of the Illinois, Wisconsin, Chicago, and Milwaukee Bar Associations.


**Maebetty Kirby**

Ms. Kirby represents plaintiffs and defendants in class actions, consumer fraud, general civil, commercial, product liability, personal injury, and complex litigation.  In addition, she represents licensed professionals, including physicians, dentists, nurses, insurance producers, and real estate brokers, before state and federal agencies, including the Illinois Department of Financial and Professional Regulation and the Illinois Department of Insurance.

Ms. Kirby graduated *cum laude* from Washington University School of Law.  In law school, she received several academic honors and consistently appeared on the Dean's List.  She was awarded the Judge John W. Calhoun Trial Practice Award after serving as Captain of the National Trial Team, where she was named National Champion of the ABA Labor and Employment Trial Advocacy Championship, National Finalist of the TYLA National Trial Competition, and Regional Champion of several local trial competitions.  Ms. Kirby was also a member of the Student Bar Association and on the board of the *Washington University Journal of Law & Policy.*

Ms. Kirby earned her B.A. from Tulane University where she graduated *summa cum laude* with Departmental Honors.  In undergraduate school, she was inducted into *Phi Beta Kappa* and the Wallace Peery Society, an honor reserved for the top 20 undergraduates in Tulane University's graduating class.

Prior to joining Zimmerman Law Offices, Ms. Kirby worked for the Illinois Attorney General's Office, the Cook County State's Attorney's Office, and the St. Louis Circuit Attorney's Office. She is admitted to practice law in the State of Illinois and is a member of the Illinois State and Chicago Bar Associations.


## REPRESENTATIVE CLASS ACTION CASES

**Completed Cases**

*Misleading Product Claims* — $62 million recovery for a nationwide class of customers who purchased products that were advertised to reduce cellulite in the human body, plus equitable relief to correct the misleading claims.  *Joseph v. Beiersdorf North America, Inc.*, No. 11 CH 20147 (Cook Cnty, Ill.).

*Improper Cellular Phone Fee* — $48 million recovery for a statewide class of businesses and individuals who paid an improper municipal infrastructure maintenance fee on their cellular phone bills. *PrimeCo Personal Communications, et al. v. Illinois Commerce Commission, et al.*, 98 CH 5500 (Cook Cnty, Ill.).

*Fraud* — $31 million recovery for a nationwide class of businesses and individuals who placed advertisements in a newspaper based on fraudulent circulation figures. *In re Chicago Sun-Times Circulation Litigation*, No. 04 CH 9757 (Cook Cnty, Ill.).

*Power Outages* — $7.75 million recovery for a statewide class of businesses and individuals who sustained financial damages due to widespread and prolonged power outages. *In re Commonwealth Edison 1999 Summer Power Outages*, No. 99 CH 11626 (Cook Cnty, Ill.).

*Privacy Violation* — $7.3 million recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Aliano v. Airgas USA, LLC*, No. 14 CH 20024 (Cook Cnty, Ill.).

*Unsolicited Faxes* — $4 million recovery for a nationwide class of businesses and individuals who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Derose Corp. v. Goyke Health Center*, 06 CH 6681 (Cook Cnty, Ill.).

*Fraud* — $3.5 million recovery for a nationwide class of Spanish speaking purchasers of baby formula, arising out of misleading product labeling. *Cardenas v. Mead Johnson & Company*, No. 01 CH 11151 (Cook Cnty, Ill.).

*Misleading Product Labeling* — $2.5 million recovery for a nationwide class of businesses and individuals who purchased whiskey whose labeling misstated the characteristics of the product. *Due Fratelli, Inc. v. Templeton Rye Spirits, LLC*, No. 2014 CH 15667 (Cook Cnty, Ill.).

*Misrepresentations in Book* — $2.35 million recovery for a nationwide class of customers who purchased a fictional book while under the impression that the book was a non-fiction memoir. *In re A Million Little Pieces Litigation*, No. 06-md-1771 (S.D. NY).

*Improper Debiting of Bank Accounts* — $1.5 million recovery for a statewide class of individuals who were members of a health club that debited its members' bank accounts without adequate notice or authority. *Wendorf, et al. v. Landers, et al.*, No. 10 cv 1658 (N.D. Ill.).

*School Misrepresenting Accreditation* — $1.2 million recovery, representing nearly the full value of each class member's loss, for a statewide class of individuals who enrolled in a school based on the school's misrepresentations that it was accredited. *Allen v. Illinois School of Health Careers, Inc.*, No. 10 CH 25098 (Cook Cnty, Ill.).

*Privacy Violation* — $1 million recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Radaviciute v. Christian Audigier, Inc.*, No. 10 cv 8090 (N.D. Ill.).

*Privacy Violation* — $500,000 recovery for a statewide class of consumers whose personal information was improperly disclosed. *Aliano v. Joe Caputo and Sons – Algonquin, Inc.*, et al., No. 09 cv 0910 (N.D. Ill.).

*Contaminated Drinking Water* — $500,000 recovery for a statewide class of individuals who suffered damages as a result of a contaminated water well, plus equitable relief to close the well. *Joseph Marzano v. Village of Crestwood*, No. 09 CH 16096 (Cook Cnty, Ill.).

*Fraud* — $425,000 recovery for a nationwide class of businesses and individuals who purchased spirits whose labeling misstated the characteristics of the product. *Due Fratelli, Inc. v. Proximo Spirits, Inc.*, No. 2014 CH 17429 (Cook Cnty, Ill.).

*Privacy Violation* — $295,000 recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Joseph v. Marbles, LLC*, No. 13 cv 4798 (N.D. Ill.).

*Privacy Violation* — $250,000 recovery for a nationwide class of consumers whose personal information was improperly disclosed. *DiParvine v. A.P.S., Inc. d/b/a Car Quest Auto Parts*, No. 11 cv 6116 (N.D. Ill.).

*Unsolicited Faxes* — $237,600 recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Phillips Randolph Enterprises, LLC v. Key Art Publishing Co.,* No. 07 CH 14018 (Cook Cnty, Ill.).

*Improper Health Club Memberships* — $138,000 recovery for a statewide class of individuals whose health club membership agreements provided for improper membership terms. *Izak-Damiecki v. World Gym International, LLC*, No. 10 CH 18845 (Cook Cnty, Ill.).

*Illegal Lending Practices* — $127,500 recovery, representing the maximum amount of statutory damages, for a nationwide class of customers who obtained loans whose terms violated the Truth in Lending Act, plus equitable relief to modify the loan contract to conform with the law. *Papeck, et al. v. T.N. Donnelly & Co.*, No. 09 CH 31997 (Cook Cnty, Ill.).

*Privacy Violation* — Recovery for a nationwide class of over 36 million consumers whose personal information was improperly disclosed. *Dudzienski v. GMRI, Inc.*, No. 07 cv 3911 (N.D. Ill.).

*Unsolicited Faxes* — Recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Phillips Randolph Enterprises, LLC v. Home Run Inn, Inc.*, No. 08 CH 43273 (Cook Cnty, Ill.).

*Privacy Violation* — Recovery for a statewide class of over 60,000 consumers whose personal information was improperly disclosed. *O'Brien v. Paninos, Inc.*, No. 10 cv 2991 (N.D. Ill.).

*Breach of Warranty* — Recovery on behalf of a nationwide class of customers who had their warranty retroactively changed from a lifetime guarantee to a 90-day guarantee, plus equitable

relief to reinstate the lifetime guarantee on the products. *Brady, et al. v. Learning Curve Int'l, Inc.*, *et al.*, No. 06 CH 03056 (Cook Cnty, Ill.).

*Privacy Violation* — Recovery for a nationwide class of tens of thousands of consumers whose personal information was improperly disclosed. *In re Kathy Aliano v. Hancock Fabrics, Inc.*, No. 07-10353 (Del. Bkpt).

*Misleading Product Claims* — Recovery for a nationwide class of individuals who were sold submarine sandwiches materially shorter than advertised. *In re: Subway Footlong Sandwich Marketing and Sales Practices Litigation*, No. 2:13-md-02439 (E.D. Wis.).

## Pending Cases – Appointed Co-Lead Counsel

*Environmental Contamination* — Class action for a statewide class of individuals and businesses who are suffering from an infiltration of coal and petroleum coke dust in the air and on their property. *Martin, et al. v. KCBX Terminals Company, et al.*, No. 13 cv 08376 (N.D. Ill.). Preliminary approval of the settlement was granted.

## Pending Cases – Appointed to Executive Committee

*Fraud / Data Breach* — Class action for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by an internet service provider, and who also paid money to that provider based on misrepresentations. *In Re: Ashley Madison Customer Data Security Breach Litigation*, MDL No. 2669 (E.D. Mo.).

## Pending Cases

*Defective Product* — Class action for a nationwide class of individuals who sustained financial and personal injuries resulting from their purchase and use of baby wipes that were tainted with a dangerous bacteria.

*Data Breach* — Class action for a nationwide class of individuals who had their personal, financial, and medical data stolen due to insufficient protection of that information by a retailer.

*Constitutional Violation* — Class action for a statewide class of individuals who were deprived their real estate tax rebates from a municipality.

*Misleading Product Claims* — Class action for a nationwide class of individuals who purchased a product that advertised it had a larger quantity than was actually provided to the purchaser.

*Antitrust* — Class action for a nationwide class of individuals who purchased seafood products from companies that conspired to fix prices in violation of the Sherman Act.

*Improper Court Fee* — Class action for a nationwide class of individuals and businesses who were charged an improper fee by the Clerk of the Court.

*Unpaid Overtime* — Class action for a nationwide class of individuals who were not paid all wages and premium overtime for hours worked in excess of forty hours per week.

*Misleading Product Claims* — Class action for a nationwide class of individuals and businesses who purchased a product that advertised it was made of higher quality ingredients than were actually contained in the product.

*Fraud* — Class action for a nationwide class of individuals who made purchases based on fraudulent misrepresentations concerning a sporting event.

*Defective Product* — Class action for a nationwide class of individuals who purchased a defective home security system that could be easily hacked and disabled.

*Misleading Product Labeling* — Class action for a nationwide class of individuals who purchased a product whose packaging misstated the characteristics of the product.

*Antitrust* — Class action for a nationwide class of individuals who subscribed to television services from companies that conspired to fix prices in violation of the Sherman Act.

*Data Breach* — Class action for a statewide class of individuals who had their personal, financial, and medical data stolen due to insufficient protection of that information by a hospital.

*Negligence* — Class action for a statewide class of individuals who were secretly video recorded while they were in private tanning rooms at a health club.

*Privacy Violation* — Class action for a nationwide class of consumers whose personal information was improperly disclosed by a retailer.

*Defective Vehicle* — Class action for a nationwide class of individuals and businesses who purchased a vehicle manufactured with a defective transmission.

*Improper Debt Collection* — Class action for a nationwide class of individuals and businesses against whom attempts were made to collect a time-barred debt, in violation of the Fair Debt Collection Practices Act.

**NOTE:** This list of cases is a representative sample of some of the class action lawsuits. It is not an exhaustive list.