UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mario Aliano, individually, and on behalf of all others similarly situated,<br><br>                        Plaintiff,<br><br>Jeffrey Worth and Robert Burns,<br><br>                        Intervening Plaintiffs,<br><br>    v.<br><br>CVS Pharmacy, Inc., a Rhode Island Corporation,<br><br>                        Defendant. | Case No. 1:16-cv-02624-FB-SMG |

**PLAINTIFF MARIO ALIANO'S OPPOSITION TO WORTH PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR INTERIM LEAD COUNSEL AND THEIR OBJECTION TO PRELIMINARY APPROVAL**

Plaintiff Mario Aliano ("Aliano") hereby opposes the Worth Plaintiffs' Motion for Leave to File a Surreply Memorandum (Dkt. #111). Faced with incontrovertible proof of Aliano's last purchase of the CVS Algal-900 DHA product ("Product") (*see* Dkt. #110-2, Aliano's CVS receipt), the Worth Plaintiffs use their Surreply to once again mischaracterize Aliano's deposition testimony and try to twist the evidence into their version of events. The Court should deny leave to the Worth Plaintiffs to file their proposed Surreply as it adds nothing new. Alternatively, if the Court grants the Worth Plaintiffs leave to file their Surreply, then the Court should consider this opposition in response to the Worth Plaintiffs' Surreply.

In the proposed Surreply, the Worth Plaintiffs continue in their mischaracterization of Aliano's deposition testimony as unequivocal. Aliano's testimony was *not* unequivocal. *See*, e.g., Dkt. #110 at pages 3-4; *see also* Aliano Dep. at 121:10 ("I don't want to be held to the first [of

February 2016]."); 122:16-17 ("Now I'm actually going back, and I'm saying I'm not sure what locations."). Aliano struggled to recall details from his February 2016 purchase of the Product. Aliano submitted a declaration on February 10, 2018, wherein he stated that the date of purchase could have been on February 1 or 2, 2016 at either the CVS store located at 175 W. Jackson Blvd. or the CVS store at 105 S. Wabash Ave., in Chicago—both locations near "Jewelers Row." *See* Dkt. #106-2. The details of Aliano's purchase have now been definitively answered because Aliano has located his receipt from that purchase. *See* Dkt. #110-2, Aliano's Feb. 2, 2016 CVS receipt for purchase of the Product.

Aliano's CVS receipt shows his purchase of the Product at 175 W. Jackson Blvd., Chicago, Illinois. *Id.* Despite Aliano stating that he would typically stop at that CVS location on his way to "Jewelers Row" on Wabash Ave. in Chicago (*see* Dkt. #106-2, Aliano Declaration at ¶4), the Worth Plaintiffs insinuate—as usual without any factual support whatsoever—that someone from Zimmerman Law Offices made the purchase because the CVS store is not far from the office location. Attached as **<u>Exhibit A</u>** is a MapQuest printout showing the route of travel from Villa Park, Illinois (where Aliano resides) to The Mallers Building – Jeweler's Center at 5 S. Wabash, Chicago, Illinois. The Mapquest printout shows the route that Aliano would have taken to "Jewelers Row."

As the Mapquest printout shows, directly on Aliano's route to Jeweler's Row is the CVS store at 175 W. Jackson Blvd. where Aliano made his last purchase of the Product. *Id.* Thus, there is nothing unusual about Aliano making his last purchase at that CVS location.

Once again, the Worth Plaintiffs set forth a false interpretation of Zimmerman's handwritten notes; the Worth Plaintiffs assert that Zimmerman's handwritten notes indicate that Aliano's last purchase of the Product was in Villa Park. Zimmerman has explained, and a close

look at the notes show (*see* Dkt. #106-16), that he drew a *picture of a fish* in the notes, indicating that Aliano purchased *fish oil* from a CVS or Walgreens in Villa Park. *See* Dkt. #110 at page 3.

The Worth Plaintiffs alternatively insinuate—again without any factual support whatsoever—a different scenario in which Zimmerman told Aliano to purchase the Product after reading the Worth Complaint. However, Aliano testified that his second purchase of the Product was sometime in October 2015, when he purchased a 90-count bottle. Aliano Dep. at 128:2-14. He also testified that he took one pill a day of the Product. Aliano Dep. at 137:8-12. Therefore, it is entirely plausible that he would need to make another purchase of the Product at the beginning of February 2016. Thus, there is nothing unusual about the timing of his third purchase of the Product.

The Worth Plaintiffs also imply that the timing of the meeting between Zimmerman and Aliano to discuss another case was suspicious. To the contrary, Zimmerman and Aliano met to discuss Aliano's case against Sears (Aliano Dep. at 112:2-5), because the Illinois Appellate Court had recently affirmed (on December 30, 2015) the circuit court's judgment order against Sears and had remanded the matter for the circuit court to conduct a hearing on reasonable fees. *Aliano v. Sears, Roebuck & Co.*, 2015 IL App (1st) 143367, ¶ 36, 48 N.E.3d 1239, 1249. Thus, there is nothing unusual about the timing of their meeting.

The Court should grant preliminary approval of the Settlement, reject the Worth Plaintiffs' continued attacks on Zimmerman's adequacy, and appoint Zimmerman to represent the Class. Zimmerman has consistently been found to be adequate Class Counsel.

Indeed, as recently as *yesterday*, Zimmerman was appointed Class Counsel and his class settlement reimbursing sonographers whose tests were mis-scored was granted *final approval* by the district court in Ohio. *See* **Exhibit B**, *Miller v. Inteleos, Inc.*, No. 1:17-cv-763-DAP, Final

Approval Order and Judgment (Polster, J. Mar. 22, 2018).

                                              Mario Aliano, individually, and on behalf of all others similarly situated,

                                              By: /s/ Thomas A. Zimmerman, Jr.
                                                     Thomas A. Zimmerman, Jr.
                                                     *tom@attorneyzim.com*
                                                     ZIMMERMAN LAW OFFICES, P.C.
                                                     77 W. Washington Street, Suite 1220
                                                     Chicago, Illinois 60602
                                                     (312) 440-0020 telephone
                                                     (312) 440-4180 facsimile
                                                     www.attorneyzim.com

                                              Proposed Class Counsel and Counsel for the Plaintiff

4

## **CERTIFICATE OF SERVICE**

Thomas A. Zimmerman, Jr., an attorney, hereby certifies that he caused the above and foregoing document to be served upon counsel of record in this case via the U.S. District Court CM/ECF System, on this day March 23, 2018.


 s/Thomas A. Zimmerman, Jr.