UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
JEFFREY WORTH and ROBERT BURNS on behalf
of themselves and all others similarly situated,

                              Plaintiffs,

   -against-

CVS PHARMACY, INC.,

                              Defendant.
------------------------------------------------------------------- x

ORDER
16-CV-0498 (FB) (SMG)

------------------------------------------------------------------- x
MARIO ALIANO, on behalf of himself and all others
similarly situated,

                              Plaintiff,

   -against-

CVS PHARMACY, INC.,

                              Defendant.
------------------------------------------------------------------- x

ORDER
16-CV-2624 (FB) (SMG)

GOLD, STEVEN M., U.S. Magistrate Judge:

     Intervenor plaintiffs Jeffrey Worth and Robert Burns ("*Worth* plaintiffs") move to compel the production of documents responsive to a subpoena served on Zimmerman Law Offices ("Zimmerman"), counsel for plaintiff Mario Aliano ("Aliano" or "plaintiff"). Motion to Compel, Docket Entry 103.[1] The requested documents relate to Aliano's pending motion for preliminary approval of a class settlement and, more specifically, they concern the *Worth* plaintiffs' objections to that motion. *See* Motion for Preliminary Approval of Class Action

---

[1] The present motion has been brought in both of the related cases identified in the caption. For clarity, unless specifically noted otherwise, all docket numbers in this Order refer to the docket maintained in plaintiff Aliano's action, 16-CV-2624.

Settlement, Docket Entry 43; Objection to Motion for Preliminary Approval of Class Action Settlement, Docket Entry 58.

The Court held a conference on October 23, 2017, at which attorneys for Aliano, defendant CVS Pharmacy, Inc. ("CVS"), and the *Worth* plaintiffs were present. *See* Minute Entry dated October 23, 2017, Docket Entry 93; *see also* Transcript of October 23, 2017 Status Conference ("Tr."), Docket Entry 94. At the conference the parties discussed, among other things, the *Worth* plaintiffs' argument that Aliano may not have standing to pursue this action. *See, e.g.*, Tr. at 29:16-19.

After hearing argument on Aliano's pending motion and the *Worth* plaintiffs' objections to it, the Court allowed the *Worth* plaintiffs to obtain discovery related to questions about Aliano's standing. Tr. at 29:21-22 ("If you want to take Aliano's deposition you can have it."); *see also* Minute Entry dated Dec. 15, 2017, Docket Entry 99 ("(1) Worth plaintiffs may serve document demands upon Zimmerman . . . (2) Aliano will be deposed in Chicago on January 10, 2018."). In addition, I afforded the parties the opportunity to "file additional briefing or other material for the Court's consideration in connection with the pending motions." Minute Entry dated Dec. 15, 2017.

In several of their earlier submissions, the *Worth* plaintiffs have raised concerns about Aliano's relationship with his counsel, Zimmerman. *See, e.g.*, Letter dated Oct. 18, 2017, at 2, Docket Entry 91 ("Plaintiffs' counsel was able to locate 36 filings with Mr. Aliano as plaintiff, and with the Zimmerman Law Offices as his counsel."). In addition to the cases in which Aliano has served as a plaintiff and been represented by Zimmerman, the *Worth* plaintiffs have identified at least one case in which Zimmerman defended Aliano in a lawsuit: an action arising under the Fair Labor Standards Act and filed in the Northern District of Illinois, *Ortega v. Due*

*Fratelli, Inc. & Mario Aliano*, 14-CV-6669 (*Ortega*). Motion to Compel at 3. The public docket maintained in *Ortega* suggests that Zimmerman must have expended significant time defending Aliano in that case from the time he entered his appearance in October, 2014, until the case was finally resolved in April, 2016. *See id.* at 5 and Ex. F.

The *Worth* plaintiffs, apparently reasoning that a financial relationship between Zimmerman and Aliano might bear upon Aliano's suitability as a class representative, asked Aliano at his deposition about whether he paid Zimmerman to represent him in *Ortega*. Aliano testified that he could not remember whether he had a retainer agreement with Zimmerman, whether he paid for Zimmerman's representation on an hourly basis, or whether he paid Zimmerman anything at all. *Id.* at 10 and Ex. A.

Among the other documents they sought pursuant to the Court's December 15, 2017 order, the *Worth* plaintiffs served a subpoena on Zimmerman demanding "[a]ll documents reflecting any payments between You and Mario Aliano related to Your representation of Mr. Aliano in this matter, or any other matter." Motion to Compel at 5 and Ex B., ¶ IV.8. In the present motion, the *Worth* plaintiffs have narrowed their request, and now ask the Court to "order the Zimmerman firm to produce documents reflecting any amounts the Zimmerman [firm] billed Mr. Aliano for representation in *Ortega*, the number of hours and nature of the services it provided, and the date and amount of any payments Mr. Aliano rendered for the Zimmerman firm's services." Motion to Compel at 4.

Zimmerman contends that the documents sought by the *Worth* plaintiffs are beyond the scope of discovery. Zimmerman's contention is unpersuasive. The Court may order "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). It is true that a number of courts

have addressed the question of whether fee arrangements between named plaintiffs and class counsel are discoverable, and that most have denied motions to compel documents relating to those arrangements.  *See, e.g.*, *In re Riddell Concussion Reduction Litig.*, 2016 WL 7325512, at *3 (D.N.J. Jan. 19, 2016); *Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 2013 WL 1896934, at *2 (S.D.N.Y. May 7, 2013); *In re Front Loading Washing Mach. Class Action Litig.*, 2010 WL 3025141, at *4 (D.N.J. July 29, 2010); *Piazza v. First Am. Title Ins. Co.*, 2007 WL 4287469, at *1 (D. Conn. Dec. 5, 2007).  These cases are distinguishable, though, in that they each involve efforts to discover the fee arrangements between class counsel and class representatives in the class action itself, and not in an unrelated action.

Moreover, none of these cases, and none of the others on which Zimmerman relies, have articulated a categorical rule against the type of discovery the *Worth* plaintiffs seek here.  To the contrary, each recognizes the possibility that a party may take discovery of fee arrangements if that party makes a sufficient showing of relevance.  *See In re Riddell*, 2016 WL 7325512, at *3 ("Fee agreements are generally not discoverable *unless* the party seeking the discovery makes a preliminary showing of a relevant conflict or a prima facie challenge to the class representatives' adequacy to act as a class representative." (emphasis added)); *Watkins v. Hireright, Inc.,* 2014 WL 11191092, at *4 (S.D. Cal. Feb. 21, 2014) ("[A] defendant may be permitted to conduct discovery concerning the adequacy of a class representative . . . *[i]n the instant matter*, Defendant has failed to provide any concrete basis for its request." (emphasis added)); *Fort Worth Employees*, 2013 WL 1896934, at *2 (denying defendants' request for fee arrangements between lead plaintiffs and their lawyers in part because defendants "provided no non-speculative basis" for concerns arising from those arrangements); *Front Loading Washing Mach.*, 2010 WL 3025141, at *4 ("[W]hile discovery is broad at the pretrial stage, this Court

finds that Defendant failed to demonstrate how the information is relevant or necessary."); *Piazza*, 2007 WL 4287469, at *1 ("The defendant presents no factual basis for speculating about conflicts of interest among counsel or between counsel and the plaintiff.").

Here, the *Worth* plaintiffs have made a sufficient showing to warrant the discovery they seek. As discussed above, the *Worth* plaintiffs have identified a civil litigation brought against Aliano in which he was represented by Zimmerman. The action proceeded for a substantial period of time, involved multiple court appearances, and required Zimmerman to submit opposition to a motion for summary judgment. Motion to Compel, Ex. F. Accordingly, Zimmerman's representation in that action either resulted in significant fees being billed, or reflects a relationship between Zimmerman and Aliano that led Zimmerman to handle the matter without charge. The *Worth* plaintiffs attempted to learn about the fee arrangement between Zimmerman and Aliano at Aliano's deposition, but Aliano testified that he did not remember anything about it. Motion to Compel, Ex. A.

Aliano's suitability as a class representative would be called into question if Aliano is so closely associated with Zimmerman that Zimmerman would defend him without charge, or if Aliano owes Zimmerman substantial funds for legal services rendered but has not paid his bill. *See London v. Wal-Mart Stores*, 340 F.3d 1246, 1255 (11th Cir. 2003) (denying class certification where class representative and class counsel had a "long-standing personal friendship" that created an incentive for the representative to put the interests of counsel above those of the class); *Susman v. Lincoln Am. Corp.*, 561 F.2d 86, 88 (7th Cir. 1977) (affirming the district court's denial of certification where "the class representative is a close professional associate with the attorney of record in the cause"); *In re IMAX Securities Litigation*, 272 F.R.D. 138, 155 (S.D.N.Y. 2010) ("The rationale behind cases in which class certification has been

5

denied because of the relationship between the class representative and class counsel is clear: courts are concerned that 'when a class representative is closely associated with class counsel, he or she may permit a settlement less favorable to the interests of absent class members.'"); *In re Metlife Demutualization Litig.*, 229 F.R.D. 369, 376 (E.D.N.Y. 2005) ("[T]he touchstone for denial of class action status in each case . . . is that the plaintiff might have an interest in the legal fees that the attorney may ultimately seek."); *Hale v. Citibank, N.A.*, 198 F.R.D. 606, 607 (S.D.N.Y. 2001) (denying certification where a proposed representative's spouse would have an interest in any fees obtained in the action); *In re Discovery Zone Securities Litigation*, 169 F.R.D. 104, 108 (N.D. Ill. 1996) (noting that "conflict of interest concerns are intensified when, as here, the class representatives' possible recovery is dwarfed by potential attorneys' fees"); *Apple Computer, Inc. v. Superior Court*, 24 Cal. Rptr. 3d 818, 824 (2005) (disqualifying both of two firms representing a proposed representative plaintiff; one where the plaintiff worked as an attorney, and the other which served as co-counsel on a number actions with the first).

As these holdings demonstrate, financial relationships between a putative class representative and proposed lead counsel are appropriately examined where there is a specific factual basis for doing so. Here, where Zimmerman represented Aliano when he was sued for wage and hour violations, and where Aliano has testified that he recalls nothing about his fee arrangement with Zimmerman, a specific factual basis for the discovery sought has been established. I note as well that it should be a relatively simple and inexpensive exercise for the Zimmerman firm to access its own recent financial records and respond to the subpoena at issue.

For all these reasons, the *Worth* plaintiffs' motion is granted to the following extent: by April 17, 2018, Zimmerman Law Office is ordered to produce documents reflecting (1) any amounts Zimmerman billed Mr. Aliano for representation in *Ortega*, (2) the number of hours of

legal services it provided in *Ortega*, and (3) the date and amount of any payments Mr. Aliano paid to the Zimmerman firm for its services in *Ortega*. If, in light of this order, the *Worth* plaintiffs wish to supplement or amend their submissions in connection with the pending motion for preliminary approval, they may do so within two weeks of receiving Zimmerman's production. Any reply Zimmerman wishes to make is due one week thereafter.

                                            SO ORDERED.
                                                    /s/
                                          _____
                                          STEVEN M. GOLD
                                          United States Magistrate Judge

Brooklyn, New York
April 3, 2018

*U:\#DJM 2017-2018\Worth et al. v. CVS Pharmacy, Inc 16-cv-498 (FB) Aliano v. CVS Pharmacy, Inc. 16-cv-2624 (FB)\Motion to Compel\Order-FINAL.docx*